```
 1
 2
 3
 4
 5
 6
 7
 8                  IN THE UNITED STATES DISTRICT COURT
 9                FOR THE EASTERN DISTRICT OF CALIFORNIA
10  CENTER FOR SIERRA NEVADA
    CONSERVATION, et al.,
11
              Plaintiffs,
12
              v.                              CIV. NO. S-02-325 LKK/JFM
13
    JOHN BERRY, El Dorado National
14  Forest Supervisor, et al.,

15            Federal Defendants;

16  FRIENDS OF THE RUBICON, et al.,

17            Intervenor Defendants
                and Cross Claimants.
18  _____/
    PUBLIC LANDS FOR THE PEOPLE,
19  et al., on behalf of themselves
    and others similarly situated,
20
              Plaintiffs,
21
              v.                              CIV. NO. S-09-1750 LKK/JFM
22
    UNITED STATES DEPARTMENT OF
23  AGRICULTURE, et al.,

24            Defendants.
    _____/
25

26  ////
```

| | |
|---|---|
| CENTER FOR SIERRA NEVADA CONSERVATION, et al., | |
| Plaintiffs, | |
| v. | CIV. S-09-2523 FCD/GGH |
| UNITED STATES FOREST SERVICE, et al., | <u>RELATED CASE ORDER</u> |
| Defendants. | |

Pending before the court is a notice of related cases concerning Center for Sierra Nevada v. USFS, Civ. No. 2:09-cv-2523-FCD-GGH, and two previously related cases, currently designated Center for Sierra Nevada Conservation v. Berry, Civ. No. 2:02-cv-325-LKK-JFM and Public Lands for the People v. USDA, Civ. No. 2:09-cv-1750-LKK-JFM.  <u>See</u> Order of July 7, 2009 in Civ. No. 2-325 (relating these cases).

Examination of the above-entitled actions reveals that they are related within the meaning of Local Rule 83-123 for the reason that they involve substantially the same questions of fact and law.  Accordingly, the assignment of the matters to the same judge and magistrate judge is likely to effect a substantial savings of judicial effort and is also likely to be convenient for the parties.

The parties should be aware that relating the cases under Local Rule 83-123 merely has the result that the actions are assigned to the same judge; no consolidation of the actions is effected.  Under the regular practice of this court, related cases are generally assigned to the judge and magistrate judge to whom

1  the first filed action was assigned.
2        Accordingly the court ORDERS as follows:
3        1.   The above cases are RELATED.
4        2.   The action denominated Civ. No. 2:09-cv-2523-FCD-GGH is
5             REASSIGNED to Judge Lawrence K. Karlton and Magistrate
6             Judge John F. Moulds for all further proceedings, and
7             any dates currently set in the reassigned case only, are
8             hereby VACATED.
9        3.   Henceforth, the caption on documents filed in the
10            reassigned case shall be shown as Civ. No. 2:09-cv-2523-
11            LKK-JFM, Civ. No. 2:09-cv-1750-LKK-JFM, and Civ. No.
12            2:02-325-LKK-JFM, respectively.
13       4.   The Clerk of the Court make shall appropriate adjustment
14            in the assignment of civil cases to compensate for this
15            reassignment.
16       IT IS SO ORDERED.
17       DATED: September 29, 2009.

```
                            LAWRENCE K. KARLTON
                            SENIOR JUDGE
                            UNITED STATES DISTRICT COURT
```

3