IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division

Jason A. Hill, D.C. Bar No. 477543
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663
Phone: (202) 514-1024
Fax:  (202) 305-0506
jason.hill2@usdoj.gov

Thomas K. Snodgrass, Colorado Bar. No. 31329
Trial Attorney
1961 Stout Street, 8th Floor
Denver, CO 80294
Phone:  303/844-1368
Fax: 303/844-1350
thomas.snodgrass@usdoj.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUBLIC LANDS FOR THE PEOPLE, INC., et al., | Case No. 2:09-cv-01750-LKK-JFM |
| Plaintiffs, | Related Cases:<br>Civ. No. 2:09-cv-2523-LKK-JFM<br>Civ. No. 2:02-325-LKK-JFM |
| v. | **FEDERAL DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR MORE DEFINITE STATEMENT OF CLAIM I OF PLAINTIFFS' COMPLAINT** |
| UNITED STATES DEPARTMENT OF AGRICULTURE, et al., | Date: February 22, 2009<br>Time: 10:00 a.m.<br>Judge: Honorable Lawrence K. Karlton |
| Defendants. | Place: Courtroom 4 |

**INTRODUCTION**

Defendants bring a motion to require Plaintiffs that provide a more definite statement, pursuant to Fed. R. Civ. P. 12(e), with regard to Claim I of Plaintiffs' Complaint, entitled "Violation of the National Environmental Policy Act" (hereinafter "Defendants' 12(e) Motion" and "Def. Memo. in Support"). Defendants assert that the length, as well as the ambiguous and confusing presentation of the information in Claim I, is contrary to the direction in Fed. R. Civ. P. 8 for a short and plain statement of the claims, and subject to relief pursuant to Fed. R. Civ. P. 12(e). Plaintiffs' Memorandum in Opposition to Federal Defendants' Motion for More Definite Statement of Claim I of Plaintiffs' Complaint (hereinafter "Plaintiffs' Opposition Memo" or "Pl. Opp. Memo.") does little to relieve the ambiguity and confusion found in Plaintiffs' Complaint, and in many instances increases the confusion. The Court should grant Defendants' motion, and order Plaintiffs to amend their Complaint to remedy these deficiencies.

A summary of Defendants' memorandum in support of their 12(e) Motion would be helpful since Plaintiffs' Opposition Memo fails to address many of the reasons Defendants offered. Claim I is the first of twenty specific claims asserted in a voluminous, and often confusing, 71 page Complaint filed by Plaintiffs. Claim I fails to meet the requirements of Rule 8 that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and that "each averment of a pleading shall be simple, concise, and direct." Def. Memo. in Support at 4- 5. This Court should require that Plaintiffs provide a more definitive statement, as contemplated under Fed. R. Civ. P. 12(e). Westland Oil Co. v. Firestone Tire & Rubber Co., 3 F.R.D. 55, 56 (D.N.D. 1943). Id. at 5. As drafted, Claim I fails to provide the legal basis for any recognizable claim under the National Environmental Policy Act ("NEPA"). Id. It is unclear whether Claim I alleges a single unlawful act or multiple unlawful acts.[1]/ Id. at 6. Defendants reference the confusion created by the inclusion of several paragraphs

---

[1]/Defendants identify three possible allegations relating to (1) the analysis of alternatives, (2) the analysis of cumulative impacts, and (3) the failure to produce an SEIS prior to completing the FEIS. Id. at 6. Plaintiffs have only chosen to focus their response on the third, and have included a fourth possible allegation not raised in the Complaint, relating to site-specific analysis. Pl. Opp. Memo.

1    in Claim I that make little or no reference to NEPA, id. at 6-7, and which Plaintiffs do not even

2    address in response.  Defendants identify further confusion caused by Plaintiffs failure to relate legal

3    concepts or provisions to any factual allegation, and the failure to relate facts or law to any alleged

4    unlawful act or specific NEPA violation, id. at 7, to which Plaintiffs again fail to respond.  Finally,

5    Defendants complain of instances where Plaintiffs begin a paragraph in Claim I referring to a NEPA

6    provision or regulation, but conclude the same paragraph with an alleged violation unrelated to

7    NEPA.[2]/ Defendants conclude their argument by noting that discovery would be unavailable to

8    remedy the Complaint's deficiencies, because Claim I is a administrative record review case.  Id.

9    at 8-9.

10         The confusing presentation in Plaintiffs' Opposition Memo highlights why Defendants' 12(e)

11   Motion should be granted.  Plaintiffs begin their discussion by stating that the Complaint challenges

12   the "Travel Management Plan" for the Eldorado National Forest ("ENF"), but proceed to discuss

13   closures in other national forests. Plaintiffs then include a lengthy discussion on plans of operation,

14   which were not even discussed in Defendants' 12(e) Motion.  Next, Plaintiffs discuss an alleged

15   meeting with Defendants that would post-date the Record of Decision ("ROD") adopting the ENF

16   Public Wheeled Motorized Travel Management Final Environmental Impact Statement (hereinafter

17   "the Decision" and the "FEIS"), and be irrelevant under a NEPA challenge pursuant to § 706(2) of

18   the Administrative Procedure Act ("APA").[3]/  Plaintiffs further allege a failure to conduct site-

19   specific analysis in an FEIS, but no such allegation was included in the Complaint under the section

20   dealing with Claim I.  Finally, Plaintiffs' Opposition Memo misstates the role of discovery in an

21   administrative record review case under the APA, and provides further confusion with allegations

22   concerning preparation of a Supplemental Environmental Impact Statement ("SEIS").

23         Accordingly, Plaintiffs should be required to amend their pleading to specify whether they

24   _____

     at 4-5, and 7.

25

26   [2]/Defendants offered ¶83 of the Complaint as a specific example. Plaintiffs addressed only this
     paragraph  in their response, but only in the most general and conclusory manner.  Pl. Opp. Memo.
     at 7.

27

28   [3]/See Complaint at ¶101, which solely alleges a NEPA violation in accordance with the standard of
     review under 5 U.S.C. § 706(2).

1  intend to limit their NEPA and APA challenge under Claim I to the Decision, and to eliminate

2  confusing and extraneous allegations regarding other decisions or potential decisions occurring

3  outside the Decision area, or post-Decision actions.  Further, Plaintiffs should be required to include

4  only those facts relevant to specific, alleged violations of NEPA, and to relate those facts to any

5  alleged violations in a logical manner.  If Plaintiffs intend to include other NEPA challenges,

6  Plaintiffs should be required to provide sufficient information so that the legal basis for any such

7  challenge may be readily discerned by Defendants.

8                                           **ANALYSIS**

9  **A.    Plaintiffs' Pleading Defects Cannot Be Cured Through Discovery**

10          As previously noted, while courts may deny a motion for a more definite statement where

11  deficiencies may be remedied through discovery, such a situation does not present itself in this case.

12  Def. Memo. in Support at 8.  Since Claim I attempts to state a claim under NEPA, judicial review

13  of Claim I would be subject to the judicial review provisions under the APA, which means discovery

14  is not available to remedy Plaintiffs' pleading defects.

15          Plaintiffs begin their response with cases that support the general proposition that courts

16  disfavor motions for a more definite statement.  However, each of these cases can be summarily

17  distinguished as involving claims that typically allow for discovery.  The liberal nature of federal

18  pleadings standards leading to the general disfavor noted in these cases is based in part upon the

19  availability of discovery in those cases, as evidenced by the very cases cited by Plaintiffs.  See Beery

20  v. Hitachi Home Elecs. (America), Inc., 157 F.R.D. 477, 480 (C.D. Cal. 1993) ("*If the detail sought*

21  *by a motion for more definite statement is obtainable through discovery*, the motion should be

22  denied.") (emphasis added); Gay-Straight Alliance Network v. Visalia Unified Sch. Dist., 262

23  F.Supp.2d 1088, 1099 (E.D. Cal. 2001) ("The Court should also deny the motion *if the detail sought*

24  *by a motion for more definite statement is obtainable through discovery*.") (emphasis added).

25          Plaintiffs, however,  may not rely upon discovery to cure their pleading defects in Claim I,

26  which is an administrative review claim under the APA.  Defendants previously addressed this issue

27  and supported their position.  Def. Memo. in Support at 8-9.  Plaintiffs' attempt to classify

28  Defendants' position as "novel" and their apparent willingness to submit to discovery, does nothing

1  to change the fact that, if Plaintiffs can eventually satisfy their requirements under Rule 8(a) for their

2  claim under NEPA, Claim I will proceed pursuant to the record review standard under the APA, a

3  type of case not generally subject to discovery.

4       In determining whether violations actionable under the APA have occurred, § 706 states that

5  "the court shall review the whole record or those parts of it cited by a party."  It is well-established

6  that review of alleged unlawful actions under APA § 706(2), such as that pled in Claim I of

7  Plaintiffs' Complaint, as well as failure to act claims pled under § 706(1), is confined to the

8  administrative record developed by the agency.[4] Accordingly, discovery is not generally available

9  since judicial review is limited to the record before the agency, and should be prohibited for Claim

10 I.  See Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985)[5]; Animal Def. Council v. Hodel,

11 840 F.2d 1432, 1436-38 (9th Cir.1988), amended by 867 F.2d 1244 (9th Cir.1989) (In general,

12 "judicial review of agency action is limited to review of the administrative record.").

13      Finally, even in cases in which discovery is generally available, discovery provides no

14 remedy for a deficiently pled complaint that does not meet the requirements of Rule 8(a).  See

15 Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("Rule 8 marks a notable and generous departure

16 from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of

17 discovery for a plaintiff armed with nothing more than conclusions.").  Accordingly, Plaintiffs may

18 not cure the pleading defects in Claim I of their Complaint with discovery, and should be required

19

20 [4] A court's review of claims brought under both APA §§ 706(1) and 706(2) is to be based upon an administrative record compiled by the agency and include materials in existence at the time of the challenged action, although some supplementation may be appropriate in failure to act cases.  See,

21 e.g., Lands Council v. Powell, 395 F.3d 1019, 1029 (9th Cir.2005);  Northcoast Envtl. Ctr. v. Glickman, 136 F.3d 660, 665 (9th Cir. 1998) ("[J]udicial review of an agency decision not to issue

22 an EIS is generally limited to review of the administrative record at the time the decision was made. See Friends of the Earth v. Hintz, 800 F.2d 822, 829 (9th Cir.1986).");  compare San Francisco

23 Baykeeper v. Whitman, 297 F.3d 877, 886 (9th Cir. 2002) (recognizing that agency may supplement record in cases premised upon alleged agency inaction to incorporate documents further explaining

24 agency position); see also Fed. R. Civ. P. 26(a)(1)(E)(i), 26(f) (exempting record review cases from initial disclosure, mandatory party conference, and discovery plan requirements).

25

26 [5] Plaintiffs' glancing attempt to distinguish Fla. Power as "dealing with augmenting the administrative record, not with discovery on Plaintiff" completely fails to recognize that if Claim I proceeds, it would be decided upon the administrative record for whatever unlawful action

27 Plaintiffs ultimately specify.  Fla. Power is directly on point because it deals the factfinding capacity of a district court when reviewing agency decisionmaking.  Id. at 744. ("The factfinding capacity

28 of the district court is thus typically unnecessary to judicial review of agency decisionmaking").

to plead their case sufficiently before being allowed to proceed.

**B.    Plaintiffs' Extensive References To Areas Outside The ENF Are Unrelated, If Plaintiffs Seek To The Challenge Of A Decision That Only Pertains To The ENF**

While Plaintiffs state that the Complaint challenges the "Travel Management Plan"[6]/ for the ENF, Pl. Opp. Memo. at 2, the scope of Claim I is far from clear upon reading either the Complaint or Plaintiffs' Opposition Memo because Plaintiffs make repeated allegations regarding "National Forests in the Western United States" and "other National Forests." Pl. Opp. Memo. at 2; see also Id. at 4 ("National Forests throughout the Western United States" used twice); Complaint at ¶83, ¶87, ¶88, and ¶90 - 96, and Def. Memo. in Support. at n.5.  The Complaint further compounds this problem by specifically naming other national forests such as the Tahoe National Forest, Inyo National Forest, and Plumas National Forest.  Complaint at ¶15, ¶35, ¶61; id. at ¶89 (naming these same three national forests along with "other National Forests in the Western United States").

The discussion in section II.A. above highlights the importance of the administrative record for both parties in preparing their respective cases before this Court on Claim I.  It is imperative that Plaintiffs clearly identify the final agency action they intend to challenge because it will form the basis for determining the contents of the administrative record, and/or possibly provide the basis for additional threshold motions to the extent Plaintiffs seek to plead any non-justiciable or otherwise deficient claims under Claim I.  Plaintiffs' repeated allegations of NEPA violations outside the ENF untethered to any specific claims are confusing, and Plaintiffs should be required to specify the decision or decisions they seek to challenge under Claim I and eliminate all confusing and extraneous allegations related to areas that do not pertain to their intended challenge.

**C.    Plaintiffs' Allegations Regarding The Preparation Of A SEIS Demonstrate The Need For A More Definite Statement**.

The basis for Defendants' alleged obligation to prepare an SEIS is not apparent from the Complaint.  See Complaint at ¶88 and ¶90.  It is impossible to determine any significant, new circumstances or information relevant to environmental concerns that bear on a specific proposed agency action. 40 C.F.R. § 1502.9(c); Forest Service Handbook, 1909.15, Section 18.  To the extent

---

[6]/Defendants assume Plaintiffs are referring to the Record of Decision ("ROD") based on the ENF Public Wheeled Motorized Travel Management Final Environmental Impact Statement.

1  Plaintiffs argue that the "occurrence, magnitude, and impact" of unspecified "closures in National

2  Forests throughout the Western United States" constitute "significant new circumstances," id. at ¶90,

3  it is uncertain why these would be considered new circumstances arising after the time the Decision

4  was made, or why they are significant enough to require additional analysis beyond that which was

5  already included in the FEIS.   Regarding Plaintiffs' allegation that their comments "would provide"

6  relevant information, id., it is not clear whether these comments were already submitted to the

7  agency pursuant to the NEPA process, or whether Plaintiffs intend to offer additional comments as

8  part of this case.  In addition, Plaintiffs have not even alleged these comments would provide any

9  significant or new information.  Without such clarification, it is impossible to determine when

10  Plaintiffs believe the alleged SEIS should have been prepared, and upon what basis.

11         The lack of specificity in the Complaint led Defendants to the conclusion that Plaintiffs were

12  alleging Defendants should have prepared an SEIS "relating to mining, prospecting, incidental, and

13  associated mining activities, or recreational activities, including off-roading activities, in the ENF,

14  and how they relate to the National Forests throughout the Western United States," id. at ¶ 88, prior

15  to signing the ROD.  Def. Memo. in Support at 6.  In response, Plaintiffs would now rewrite their

16  Complaint to allege that their SEIS allegations are based upon a post-decision meeting with

17  Defendants where objections to "salami tickets"[7]/ were allegedly raised, and where additional

18  information was allegedly provided to Defendants that would require the preparation of an SEIS.

19  Pl. Opp. Memo. at 4 and 7.  Reaching this conclusion, however, requires exactly the cobbling

20  together of Plaintiffs' cryptic allegations that would prejudice Defendants in having to respond to

21  Plaintiffs' Complaint as currently drafted. Defendants would have to relate paragraphs 58 and 59

22  of the Complaint to paragraphs 88 and 89, while disregarding everything in between, ignoring that

23  Plaintiffs' NEPA claim is based solely on a violation of 5 U.S.C. § 706(2), and making several other

24  assumptions not found in the Complaint itself.  It is unfair and unreasonable to impose such a burden

25  on Defendants or the Court.  Plaintiffs should be required to clearly set out one or more claims for

26  relief under NEPA and the legal basis for those claims.

27  ───────────────

28  [7]/This terminology injects further confusion, as it has absolutely no meaning or significance to
Defendants.

1  **D.     Plaintiffs' Reliance On <u>Bryson</u> Is Misplaced.**

2       Given the importance of the administrative record to Claim I, it is imperative that Plaintiffs

3  be required to specify the particular allegedly unlawful action or alleged failure to act they seek to

4  challenge, as the administrative record for each would not necessarily be identical.  The more

5  definite statement requested should require that Plaintiffs provide a clear legal basis for any alleged

6  violations of NEPA.

7       Plaintiffs rely upon <u>Bryson v. Bank of New York</u>, 584 F.Supp.1306, 1319 (S.D.N.Y. 1984),

8  for the proposition that a motion for a more definite statement "may not be used for the purpose of

9  ascertaining Plaintiffs' legal theories." Pl. Opp. Memo. at 6.[8]/  A closer reading of <u>Bryson</u>, however,

10  reveals that the court in fact stated: "A Rule 12(e) Motion should not be used *simply* to ascertain a

11  plaintiff's legal theories."   <u>Id.</u> (emphasis added) (citing <u>Hylte Bruks Aktiebolag v. Babcock &</u>

12  <u>Wilcox Co.</u>, 45 F.R.D. 357, 360 (S.D.N.Y. 1968) ("The attack by the defendant on the breach of

13  warranty claims set forth in the amended complaint is basically a demand for identification of the

14  particular legal theory on which the plaintiffs rely. This, *by itself*, is not sufficient to support a

15  motion under Rule 12(e).") (emphasis added).  In addition, the <u>Bryson</u> court actually found that to

16  the extent the Rule 12(e) motion in that case had not been mooted by the submission of additional

17  information in opposition by the plaintiffs, the remaining claim was "so vague" that the court

18  required the plaintiffs to submit a statement detailing the facts upon which that claim was based.

19  <u>Id.</u>  The language Plaintiffs rely upon from <u>Bryson</u> was intended to provide some guidance as to the

20  detail those plaintiffs had to provide in the statement that court ordered them to make, not for the

21  proposition proffered by Plaintiffs.  Moreover, the cases cited above imply that a Rule 12(e) motion

22  may be used to ascertain a plaintiff's legal theories, as long as that is not the *sole* basis for the

23  motion.  In the instant case, some knowledge of the legal basis of Plaintiffs' claims is necessary to

24  aid in properly preparing and lodging the administrative record(s), and determining whether any

25

26  [8]/In an attempt to mirror the language of <u>Bryson</u>, Plaintiffs selectively quote from Def. Memo. in
    Support to provide a misleading impression that "Defendants assert that the Complaint 'Lacks
27  sufficient detail as to salient legal theories . . .'" Pl. Opp. Memo. at 7.  Defendants actually assert
    that the Complaint "lacks sufficient detail or guidance as to salient legal theories *or any*
28  *recognizable claims under NEPA.*"  Def. Memo. in Support at 6 (emphasis added).

1  portion of Claim I is subject to any threshold motions.  Plaintiffs should be required to plead enough

2  detail to achieve that purpose.

3                                  **CONCLUSION**

4         Plaintiffs' allegations of NEPA violations found in Claim I are vague and confusing.

5  Deciphering and responding to such a claim imposes an unfair and unreasonable burden on

6  Defendants and this Court.  Accordingly, this Court should grant Defendants' motion and require

7  Plaintiffs to file an amended complaint containing a more definite statement of their allegations

8  related to NEPA.

9         Respectfully submitted this 8th day of January, 2010.

10                                          IGNACIA S. MORENO
                                            Assistant Attorney General
11                                          Environment and Natural Resources Division

12                                           /s/ Jason A. Hill
                                            Jason A. Hill
13                                          Trial Attorney

14                                           /s/ Thomas K. Snodgrass
                                            Thomas K. Snodgrass
15                                          Trial Attorney

16  OF COUNSEL
    Rose Miksovsky
17  U.S. Department of Agriculture
    Office of the General Counsel
18  33 New Montgomery St., 17th Floor
    San Francisco, CA 94105
19
    Ellen R. Hornstein
20  U.S. Department of Agriculture
    Office of the General Counsel
21  Natural Resources Division
    1400 Independence Avenue, S.W.
22  Washington, D.C. 20250-1412

23

24

25

26

27

28