LAW OFFICES OF DAVID YOUNG
David Young, SBN 55341
11150 Olympic Blvd., Suite 1050
Los Angeles, CA 90064
Telephone: (310) 575-0308
Facsimile: (310) 575-0311
E-mail: dyounglaw@verizon.net

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUBLIC LANDS FOR THE PEOPLE, INC., et al.,<br><br>              Plaintiffs.<br><br>     v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, et. al.,<br><br>              Defendants. | Civ No. 2:09-cv-1750-LKK-JFM<br><br>Related Cases:<br>Civ. No. 2:09-cv-2523-LKK-JFM<br>Civ. No. 2:02-325-LKK-JFM<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' NOTICE OF FILING OF MAPS DISCUSSED AT HEARING ON MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT** |

1

___

# INTRODUCTION

1. Defendants United States Department of Agriculture, et. al., incorrectly interpret Federal Forest Service and mining regulations to require miners to file a Notice of Intent or Plan of Operations before accessing their valid Federal mining claims.  However, miner's rights of access to their Federal mining claims are embodied in statute and confirmed in case law.  The Forest Service has no authority under Federal regulations to require a Notice of Intent or Plan of Operations for vehicular access to Federal mining claims.  In addition, Defendants' maps are nonresponsive to the concerns expressed by Senior Judge Karlton; fail to give notice to users about which roads are closed; violate the Order issued by Judge Karlton in the related case *Center for Sierra Nevada Conservation, et. al., v. Berry*; and effect a de facto Wilderness Area without the authorization of Congress.

# ARGUMENT

2. In Defendants' *Notice of Filing of Maps*, Defendants attempt to justify closing public road access to miners due to the issuance of the ROD by relying on 36 C.F.R. § 212.51 and 36 C.F.R. § 261.13.  *Notice of Filing,* page 3, line 23.

3. However, these nonspecific regulatory sections are subject to the Federal statutory rights of miners, the implementing Federal mining regulations, and Federal case law. The miners hold possessory title to their claims under the General Mining Law of 1872, 30 U.S.C. § 21 et. seq, as well as the Mining and Minerals Policy Act of 1970, 30 U.S.C. § 21(a).  It is simple common sense that miners must be guaranteed access to their valid mining claims on Federal lands. Accordingly, "The General Mining Law of 1872 gives to the locators and owners of mining claims, as a necessary incident, the right of ingress and egress across public lands to their claims for the purposes of maintaining the claims and as a means towards removing the

2

minerals. Therefore, a right-of-way permit is not required to obtain access to an unpatented mining claim. *Rights of Claimants to Access Over Public Lands to Their Claims*, M-36584, 66 I.D. 361 (October 20, 1959)." *Maley*, Mineral Law, p.160 (6th ed. 1996). Solicitor's Opinion, M-36584, 66 I.D. 361 (1959), states that "the genesis and history of the mining laws makes clear that Congress intended to give the miner free access to minerals in the public lands .... Congress knew, when it enacted the mining laws, that miners necessarily would have to use public lands outside of the boundaries of their claims for the running of tunnels and for roads."); *see also Alfred E. Koenig*, 4 IBLA 18 (1971); *Lindley*, 2 Mines §§ 629-631 (1897).

    4. Miner's rights of access are protected by the Forest Service's own regulations at 36 C.F.R. § 228.12, which states that "an operator is entitled to access in connection with operations..." as well as 16 U.S.C. § 478, which states that "Nor shall anything in such sections prohibit any person from entering upon such national forests for all proper and lawful purposes, including that of prospecting, locating, and developing the mineral resources thereof." and 30 U.S.C. § 612, which states that "any use of the surface of any such mining claim by the United States, its permittees or licensees, shall be such as not to endanger or materially interfere with prospecting, mining or processing operations or uses reasonably incident thereto." Miner's rights of access are also protected by 30 U.S.C. § 615, which states that "Nothing in this subchapter and sections 601 and 603 of this title shall be construed in any manner to limit or restrict or to authorize the limitation or restriction of any existing rights of any claimant under any valid mining claim heretofore located." See also *U.S. v. 9,947.71 Acres of Land, More or Less, in Clark County, State of Nev*. 220 F.Supp. 328, 331 (D.C.Nev. 1963), which states that "Congress did not leave the rights of miners and others to such chance, but passed the Act of July 26, 1866,

3

---

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' NOTICE OF FILING OF MAPS**

14 Stat. 251; which declared in Section 1 thereof ( 30 U.S.C. § 22) that the mineral lands of the public domain were open to exploration and occupation.".[1]

5. Miner's rights of access are similarly protected by Judge Karlton's Order in Center for Sierra Nevada Conservation, et. al., v. Berry, Case No. CIV-S-02-0325, which states that "the Forest Service will restrict private party use of wheeled motor vehicles (excluding administrative use by the Forest Service or its agents, **other permitted uses, or uses under valid pre-existing rights**) to National Forest System roads open for public use..." (emph. added).

6. Defendants assert that the Forest Service has not violated Federal mining law and regulations because miners may still obtain access if they obtain a Plan of Operations from the Forest Service pursuant to 36 C.F.R. § 228. However, the Forest Service has no authority to force Plaintiffs to pursue a Plan of Operations simply because they will at some future date conduct mining operations. 36 C.F.R. § 228. However, a Plan of Operations or Notice of Intent to Operate is not required where "[o]perations which will be limited to the use of vehicles on existing public roads or roads used and maintained for National Forest System purposes." 36

---

[1] Even with respect to Wilderness lands, miners' rights are confirmed by 16 U.S.C.A. § 1134, which states that: "In any case where State-owned or privately owned land is completely surrounded by national forest lands within areas designated by this chapter as wilderness, such State or private owner shall be given such rights as may be necessary to assure adequate access to such State-owned or privately owned land by such State or private owner and their successors in interest, or the State-owned land or privately owned land shall be exchanged for federally owned land in the same State of approximately equal value under authorities available to the Secretary of Agriculture: Provided, however, That the United States shall not transfer to a State or private owner any mineral interests unless the State or private owner relinquishes or causes to be relinquished to the United States the mineral interest in the surrounded land."

4

---

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' NOTICE OF FILING OF MAPS**

C.F.R. § 228.4(a)(1)(i). Defendants consequent reliance on 36 C.F.R. § 261.13 is misplaced – 36 C.F.R. § 261.1 exempts from 36 C.F.R. § 261.13 "activities as authorized by the Wilderness Act of 1964 **or the U.S. Mining Laws Act of 1872 as amended**." (emph. added).

7. Finally, requiring a Plan of Operations or Notice of Intent to access existing mining claims crosses the line where regulation becomes, in effect, total prohibition. Regulatory restrictions are not allowed to impose a de facto ban frustrating a Federal statute and congressional intent. *See Ogden Environmental Services, Inc. v. City of San Diego* 692 F.Supp. 1222, 1229 (S.D.Cal.,1988) (Onerous city permitting requirements with vague requirements constitute a de facto ban frustrating congressional intent). Filing a Plan of Operations is a time consuming and protracted process. *Foundation for North American Wild Sheep v. United States*, 681 F.2d 1172, 1182 (9th Cir. 1982). Plan of Operations can trigger environmental impact statements. 36 C.F.R. § 228.4(f). Often Plans are denied, and there is never a guarantee that a filed Plan will be approved. *Clouser v. Madigan*, 1992 WL 694368, 10 (D.Or. 1992).

**A. Defendants' Maps are Unresponsive and Unspecific to Miner's Requirements.**

8. The maps that Defendants have produced fail to show what routes have been closed on Federal land, as requested by Judge Karlton, fail to give reasonable guidance to the public and to miners as to what roads are closed, and are indicative of the de facto Wilderness Area that the Forest Service has attempted to create without congressional authorization. A map showing the roads actually closed, including those uninventoried roads used by generations of miners, would make this abundantly clear. Huge areas of the ENF have become de facto Wilderness areas.

9. The maps fail to even give reasonable guidance to miners attempting to conform to the strictures of the maps. The NVUM maps lack information such as context, landmarks, and are often broken up where the route crosses private land. They fail to show routes that are closed, and do not show routes that were not inventoried. The maps assume that users can tell the difference between a route on the map, or a spur omitted from the map. As a consequence, an average person attempting to use one of these maps would, despite reasonable best efforts to stay within the strictures of the maps, would easily stray onto Forest Service closed territory at best, and become lost and confused at worst.

10. The maps' unresponsiveness is indicative of the Forest Service's newfound *alles ist verboten* approach to public lands, where any road access not expressly allowed is forbidden. By promulgating vague, unusable maps, enforcing criminal penalties for unwary entrants on public lands, and steadily closing available roads, the Forest Service has attempted to create by unauthorized administrative action a *de facto* Wilderness Area. However, only Congress can create a closed Wilderness Area. The Wilderness Act of 1964, 16 U.S.C. § 1131 *et seq* states that"[N]o Federal lands shall be designated as "wilderness areas" except as provided for in this chapter or by a subsequent Act.". See also *Wyoming v. United States Department of Agriculture et al*. 570 F.Supp.2d 1309, 1346 (D. Wyoming 2008); *Parker v. United States*, 309 F.Supp. 593, 597 (D.Colo.1970) aff'd, 448 F.2d 793 (10th Circ.1971), which states that "A statutory framework for the preservation of wilderness would permit long-range planning and assure that no future administrator could arbitrarily or capriciously ... make wholesale designations of additional areas in which use would be limited.". See the very recent case of *Russell Country Sportsmen v. United States Forest Service*, 2010 WL 889870 (D. Mont. Mar. 10, 2010). This

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' NOTICE OF FILING OF MAPS**

administrative overreach will continue to erode the Federal rights of the public and of miners if not checked by judicial oversight and enforcement of the Wilderness Act and Federal mining law.  What the Forest Service refused to produce, for obvious reasons, is a map showing what roads are now closed in the ENF, creating an unauthorized de facto Wilderness Area, and violating miner's rights to access their claims.

Date: April 29 , 2010           Respectfully Submitted,
                                Law Offices of David Young


                                /S/David Young_____ _
                                David Young
                                Attorney for Plaintiffs

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' NOTICE OF FILING OF MAPS**