IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division

Jason A. Hill, D.C. Bar No. 477543
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663
Phone: (202) 514-1024
Fax:  (202) 305-0506
jason.hill2@usdoj.gov

Thomas K. Snodgrass, Colorado Bar. No. 31329
Trial Attorney
1961 Stout Street, 8th Floor
Denver, CO 80294
Phone:  303/844-1368
Fax: 303/844-1350
thomas.snodgrass@usdoj.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUBLIC LANDS FOR THE PEOPLE, INC., et al., | Civ. No. 2:09-cv-1750-LKK-JFM |
| Plaintiffs, | Related Cases:<br>Civ. No. 2:09-cv-2523-LKK-JFM<br>Civ. No. 2:02-325-LKK-JFM |
| v. | |
| UNITED STATES DEPARTMENT OF AGRICULTURE, et al., | **DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO NOTICE OF FILING OF MAPS DISCUSSED AT HEARING ON MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT** |
| Defendants. | |

1    Plaintiffs' unsolicited Opposition to Notice of Filing Maps Discussed at Hearing on Motion to Dismiss and Motion for More Definite Statement ("Pl. Opp.") (Dkt. 41) largely repeats various arguments previously raised to support Plaintiffs' meritless contention that "[t]he Forest Service has no authority under Federal regulations to require a Notice of Intent or Plan of Operations for vehicular access to mining claims." Pl. Opposition at 2, ¶1. Because Defendants' prior briefing mostly addresses these arguments, Defendants will not respond to each of these arguments again, but instead will simply note that it is indisputable that the Forest Service is authorized to impose reasonable restrictions upon access to mining claims. See, e.g., Clouser v. Espy, 42 F.3d 1522, 1529-30 (9th Cir. 1994) (summarizing case law affirming statutory authority of Forest Service to regulate surface disturbing mining activities and further confirming associated right to regulate access); 16 U.S.C. § 478 (persons entering National Forest System ("NFS") lands for the purposes of prospecting, locating, and developing mineral resources "must comply with the rules and regulations covering such National Forests."); U.S. Reply (Dkt. 34) at 5-10. However, Plaintiffs' Opposition does include some new authority to which Defendants feel compelled to respond.

First, Plaintiffs cite a 1959 opinion of the Solicitor of the United States Department of the Interior and other authority pre-dating the enactment of the Federal Land Policy Management Act ("FLPMA") in 1976. See Pl. Opp. at 3, ¶3. FLPMA repealed the grant of a "right of way for the construction of highways over public lands, not reserved for public uses" under Revised Statute 2477 ("R.S. 2477"), subject to previously perfected rights-of-way. See U.S. Memo. (Dkt. 29-2) at 33. Plaintiffs' citation to this authority pre-dating FLPMA reflects a reliance upon a public lands management scheme – and free-standing offer of a right-of-way over unreserved public lands – that no longer exists.[1]

Second, Plaintiffs newly cite language in 36 C.F.R. § 228.12 providing: "an operator is entitled to access in connection with operations . . . ." Pl. Opp. at 3, ¶4. This language says nothing about – and does nothing to limit – the Forest Service's unquestionable authority to impose

---

[1] Moreover, the United States Department of the Interior lacks jurisdiction over NFS lands administered by the Secretary of Agriculture, which are largely comprised of "reserved" lands that were not even available for entry under R.S. 2477 after their inclusion in the NFS. Plaintiffs' reliance upon a Department of the Interior Solicitor's Opinion is therefore all the more inappropriate.

1  reasonable restrictions upon the exercise of such access through a plan of operations or otherwise.
2  See, e.g., Clouser, 42 F.3d at 1529-30.  Moreover, Plaintiffs omit a portion of the cited regulation
3  that expressly recognizes – and is subject to – this authority in further stating: "but no road, trail,
4  bridge, landing area for aircraft, or the like, shall be constructed or improved, nor shall any other
5  means of access, including but not limited to off-road vehicles, be used until the operator has
6  received approval of an operating plan in writing from the authorized officer when required by
7  228.4."  36 C.F.R. § 228.12.

8  Third, Plaintiffs newly argue: "Defendants['] consequent reliance on 36 C.F.R. § 261.13 is
9  misplaced – 36 C.F.R. § 261.1 exempts from 36 C.F.R. § 261.13 'activities as authorized by the
10 Wilderness Act of 1964 **or the U.S. Mining Laws Act of 1872 as amended**."[2] Pl. Opp. at 5, ¶6.
11 The full text of the cited paragraph provides: "Nothing in this part shall preclude activities as
12 authorized by the Wilderness Act of 1964 or the U.S. Mining Laws Act of 1872 as amended."  36
13 C.F.R. § 261.1(b) (emphasis added).  As previously discussed, the challenged Decision does not
14 "preclude" mining activities.  See, e.g., U.S. Memo. (Dkt. 29-2) at 22, 25-26.  Rather, the Decision
15 designates NFS roads and trails for public wheeled-motorized vehicle use.  See id.  As members of
16 the public, Plaintiffs may use wheeled-motorized vehicles on all designated roads to conduct mining
17 and related activities.  The Decision has no effect on non-motorized access, and Plaintiffs' access
18 by means other than wheeled-motorized vehicles is not impacted by the Decision.  To the extent
19 additional access by wheeled-motorized vehicles is desired for mining purposes over non-designated
20 roads and trails, the Decision contemplates such access may be granted upon compliance with the
21 Forest Service's regulatory requirements pursuant to a separate administrative process.  See id.

22 Finally, Plaintiffs take issue with the clarity of the maps recently submitted by Defendants
23 in connection with their Notice of Filing of Maps (Dkt. 40) and complain that the maps do not

---

[2]/36 C.F.R. § 261.13 states: "After National Forest System roads, National Forest System trails, and areas on National Forest System lands have been designated pursuant to 36 CFR 212.51 on an administrative unit or a Ranger District of the National Forest System, and these designations have been identified on a motor vehicle use map, it is prohibited to possess or operate a motor vehicle on National Forest System lands in that administrative unit or Ranger District other than in accordance with those designations," subject to certain exceptions.

1  designate all roads closed under the Decision. See Pl. Opp. at 5-7, ¶¶8-10.  The map attached as
2  Defendants' Exhibit 2 to the Notice (Dkt. 40-4) clearly depicts all roads and trails that the Forest
3  Service inventoried in connection with the Decision, including those roads and trails the Forest
4  Service considered "unauthorized."  Likewise, the other maps submitted in connection with the
5  Notice clearly depict those NFS roads and trails in the Eldorado National Forest ("ENF") that are
6  designated as open to public wheeled-motor vehicle use under the Decision and the Forest Service's
7  subsequently promulgated motor vehicle use maps.  By reviewing these maps, Plaintiffs can readily
8  determine whether any purported roads and trails that they propose to use for mining activities are
9  designated as open to public motor vehicle use in the ENF – and, conversely, whether any such
10 alleged roads and trails are not designated for such use.[3/]

11   Respectfully submitted this 5th day of May, 2010.

                    IGNACIA S. MORENO
                    Assistant Attorney General
                    Environment and Natural Resources Division

                     /s/ Jason A. Hill
                    Jason A. Hill
                    Trial Attorney

                     /s/ Thomas K. Snodgrass
                    Thomas K. Snodgrass
                    Trial Attorney

---

[3/] As previously noted, the Forest Service presented these maps to Plaintiffs, among others, numerous times through various means prior to their filing of this suit. See Notice (Dkt. 40) at ¶¶2-3.