LAW OFFICES OF DAVID YOUNG
David Young, SBN 55341
11845 W. Olympic Blvd., Suite 1110
Los Angeles, CA 90064
Telephone: (310) 575-0308
Facsimile: (310) 575-0311
E-mail: dyounglaw@verizon.net

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUBLIC LANDS FOR THE PEOPLE, INC., a California 501 C-3, non-profit corporation; GERALD E. HOBBS, an individual; BRYAN BUNTING, an individual; HILLARIE BUNTING, an individual; STEVE WANDT, an individual; GENE E. BAILEY, an individual; RICHARD NUSS, an individual; RANDY BURLESON, an individual,<br><br>    Plaintiffs.<br><br>      v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE; UNITED STATES FOREST SERVICE; TOM VILSACK, in his official capacity as Secretary Of Agriculture; TOM TIDWELL, in his official capacity as the Chief Forester Of The USDA Forest Service; RANDY MOORE, in his official capacity as Regional Forester USDA Forest Service Regional Office R5; and RAMIRO VILLALVAZO, in his official capacity as Forest Supervisor Of The Eldorado National Forest; Does 1-10.<br>                Defendants. | CASE NO.:<br>2:09-cv-01750-LKK-JFM<br><br>FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

---

FIRST AMENDED COMPLAINT

## INTRODUCTION

1.  This action is brought to challenge the Final Environmental Impact Statement ("FEIS") and Record of Decision ("ROD") regarding the closure of roads in the Eldorado National Forest ("ENF"). This ROD and FEIS will, unless enjoined, violate the federally protected rights of access of miners holding valid mining claims on Federal property. In addition, the policy of the Forest Service in the ROD and FEIS requiring a filed Notice of Intent or approved Plan of Operations prior to any motorized access on previously open roads, even for prospecting and basic access to Federal mining claims and mineral estates, is illegal and beyond the power of the Forest Service to adopt. It conflicts with and is contrary to Federal mining law and Forest Service regulations. Plaintiffs seek declaratory and injunctive relief against the FEIS and ROD.

2.  On or about April 2, 2008, the United States Forest Service ("USFS") released their Final Environmental Impact Statement and Record of Decision regarding the Eldorado National Forest, Public Wheeled Motorized Travel Management Plan Final Environmental Impact Statement ("FEIS"), officially released April 2, 2008, and signed by ENF Supervisor Ramiro Villalvazo.

3.  The ROD, among other matters, set forth and approved the closure of existing roads and rights of way for motorized vehicles in the ENF to the general public, including without limitation, prospectors and miners holding valid mineral estates and claims in the ENF. This severely limited and/or prohibited prospecting, mining, and associated mining activities in the ENF. The ENF and the USFS are also closing existing roads, rights of way, and haul roads that are not USFS recognized and numbered roads, but are existing roads, rights of way, and haul roads customarily and traditionally used by miners and prospectors in the ENF. These roads are still actively used by miners and prospectors. Plaintiffs are informed and believe, and thereon allege, that the closure of existing roads in the ENF to motorized vehicles affects approximately 87% of the total area of the ENF. Plaintiffs are informed and believe, and thereon allege, that the closure of existing roads, rights of way, and haul roads in the ENF to motorized vehicles affects over 50% of the total roads and rights of way in the ENF. Plaintiffs are informed and believe,

- 1 -

and thereon allege, that every dirt road in the ENF is closed a minimum of three months, or one quarter of the year. In 2010, all dirt roads in the ENF were closed until May 15, 2010, a period of four months, or one third of the year.

      4.      Modern prospectors and miners must have access to motorized vehicles in order to move equipment necessary for such prospecting and mining.  For Plaintiff Public Lands for the People, Inc. ("PLP"), and its members, prospecting and mining in the ENF and other National Forests is not recreational. It is an important economic endeavor that has a direct economic impact on family finances, business finances, and in these hard economic times, often is the difference between having to choose whether to put gas in the car, or buy food or medicine for the family. For PLP and its members, prospecting and mining in the ENF is not merely a question of having "fun". Closing roads to miners, who are mineral estate grantees and prospectors in the ENF, forces them to face serious economic hardship.  With a perilous economy, being able to sell gold for approximately $1200 an ounce makes a substantial difference as to the economic choices a family has regarding basic necessities.

      5.      Miners and prospectors hold valid and federally authorized pre-existing access rights on USFS land as a necessary incident to their use of their real property.  Miners valid rights of access are recognized and protected by 30 U.S.C. § 21a; 30 U.S.C. §§ 22-54; 30 U.S.C. §§ 612 and 615; 16 U.S.C. § 1134(b); and 3 U.S.C. §§ 1701 and 1732(b). The USFS regulations also recognize valid existing rights of access pursuant to 36 C.F.R. § 228 *et. seq.*.  The USFS is required to respect miners' rights of access under the above-cited Federal statutes and regulations.

      6.      The Forest Service, and Section L of the FEIS, recognizes that; "Miners, prospectors and owners of unpatented mining claims have a statutory right of reasonable access under the mining law". That reasonable "right to access" is then negated by Section L when it states:

> "Those alternatives with reduced public wheeled motor vehicle access, particularly within the western portion of the forest where mineral resources are more likely to occur, may have the effect of reducing access for prospecting or exploration, with the subsequent effect of reduction of

- 2 -

FIRST AMENDED COMPLAINT

discovery of new mineral resource commodities."---"Individuals or Companies that conduct prospecting and exploration activities are not usually required to obtain a permit or other form of authorization pursuant to 36 CFR 228…" [FEIS p. 3-312]

7. The Forest Service has already determined that for any closed roads pursuant to the FEIS and ROD that were previously open to the public, and used for access to mining claims, miners must now file a Notice of Intent or Plan of Operations pursuant to 36 C.F.R. § 228.4(a) in order to gain access to their mining claims and mineral estates.  FEIS 3-212; 36 C.F.R. §  228.4; 36 C.F.R. § 212.55(d). The Forest Service position is that miners are subject to criminal and civil liability should they proceed without such authorization.  The Forest Service has no statutory authority, and is in conflict with its own regulations, when it attempts to uniformly force all miners and prospectors, prior to their actually engaging in mining, to filed a Notice of Intent or Plan of Operations in order to access their mining claims.  36 C.F.R. § 228.4(a)(1)(i)-(vii).  A Plan of Operations or Notice of Intent to Operate is not required under Forest Service regulations where, among other exceptions, "[o]perations ... will be limited to the use of vehicles on existing public roads or roads used and maintained for National Forest System purposes." 36 C.F.R. § 228.4(a)(1)(i).  Roads closed pursuant to the FEIS and ROD are still existing public roads, and are used and maintained for Forest Service purposes.  The Plan of Operations requirement is an effective barrier to access to valid mining claims, and therefore in violation of Plaintiffs' above-cited property rights and rights of access.

## JURISDICTION AND VENUE

8. Jurisdiction is proper in this Court under 28 U.S.C. § 1331 because this action arises under the laws of the United States. The conduct complained of creates an actual, justiciable controversy and is made reviewable under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq.* (1966).

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), §§ 2201, 2202 (declaratory relief), and § 2202 (injunctive relief). Judicial review is also sought pursuant to § 10 of the APA, 5 U.S.C. §§ 701-706, in particular § 706(2)(C) and § 706(2)(A).

- 3 -

FIRST AMENDED COMPLAINT

10. This Court has the power to grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

11. This lawsuit requests judicial review of final agency actions taken by the Defendants (or their predecessors in interest). Defendants' actions unlawfully abrogate, proscribe, and/or prohibit Federal statutorily prescribed rights of miners and prospectors in the ENF.

12. This is an action for declaratory judgment, injunctive relief, and administrative review of agency action. The Plaintiffs request the Court to declare unlawful, enjoin implementation of, and set aside the promulgation and adoption of the FEIS and ROD closing roads, rights of way, and haul roads in the ENF, as it applies to miners and prospectors, and other citizens of the United States who are potential miners and prospectors, in order to prospect or gain access to their Federal mining claims and mineral estates.

13. The Plaintiffs seek an Order from this Court declaring that Defendants' actions in adopting and implementing the Travel Management Plan as applied to miners and prospectors, and those who intend to become miners and prospectors in the ENF, violated the following:

    A. The Mining Laws of 1866 and 1872
    B. 30 U.S.C. § 21(a)
    C. 30 U.S.C. § 22-54
    D. 30 U.S.C. §§ 612 and 615
    E. 36 C.F.R. § 228 *et. seq.*
    F. 16 U.S.C. § 1134(b)
    G. The Federal Land Policy and Management Act, 43 U.S.C. §§ 1701 and 1732(b)

14. Plaintiffs also seek an Order from this Court declaring that Defendants exceeded their statutory authority under 36 C.F.R. § 212 *et seq.*; 36 C.F.R. § 215.1 *et seq;* 36 C.F.R. § 228 *et seq.*; and 36 C.F.R. § 261 *et seq..* by requiring a Notice of Intent or Plan of Operation to be filed prior to any miner prospecting or accessing his or her Federal mining claims and mineral estates via existing roads closed pursuant to the FEIS and ROD.

15. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1391(b) and (e), and because the events and omissions giving rise to Plaintiffs' claims occurred within this judicial district. This case is connected and related to "*Center for Sierra Nevada et al. vs. John Berry, Eldorado National Forest Supervisor et. al.*", United States District Court, Eastern District of California, CIV-S-02-0325 LKK/JFM" and originates from the Order dated Aug. 16, 2005, of the Honorable Lawrence K. Karlton.

## PARTIES

16. Plaintiff Public Lands for the People, Inc. is a California 501 c-3 non-profit corporation ("PLP"). PLP is a nationwide organization of miners, who are mineral estate grantees, and prospectors. With its constituent members PLP constitutes approximately 40,000 people. Its President is Gerald E. Hobbs of San Bernardino, California. PLP, has among its membership, miners and prospectors with mining claims and estates in the ENF, and throughout the United States, who are directly affected in their mining, prospecting and associated operations by the closure of roads, rights of way, and haul roads to motorized vehicles in the ENF, and other National Forests in the Western United States.

17. Plaintiff Gerald E. Hobbs is a member of and President of PLP. Mr. Hobbs has mining claims and mineral estates in three National Forests. They are: Angeles National Forest; Tahoe National Forest; and Six Rivers National Forest. Mr. Hobbs has expressed interest and desire to prospect and mine in the ENF. Mr. Hobbs was told by the ENF on April 3, 2009, and May 1, 2010, after he had asked for an inventory of roads that were closed pursuant to the ROD, that if roads were paved, they were open, and if not paved, they were closed. This would affect not only Mr. Hobbs, but all other miners and prospectors' ability to prospect and access mining claims and mineral estates in the ENF.

18. Plaintiffs Bryan Bunting and Hillarie Bunting, of Fairfield, California, have mining claims and estates in the ENF, prospect and mine in the ENF to supplement their incomes, and are directly affected in their mining, prospecting, and associated operations by the closure of roads, rights of way, and haul roads, pursuant to the ROD, to motorized vehicles in the

- 5 -

___

FIRST AMENDED COMPLAINT

ENF. The Buntings are members of PLP. The Buntings list on their mining claims their minor children Drew and Cole Bunting, because they wish to pass on to their children the history and traditions of mining in the Western United States. Plaintiffs are informed and believe, and thereon allege, that the Bunting's access to their Federal mining claims and mineral estates has been closed pursuant to the FEIS and ROD, in that Forest Road 13N92 is now closed to wheeled motorized vehicles. This denies the Buntings access to their Federal mining claims and mineral estates.

19. Plaintiff and PLP member Steve Wandt of Foresthill, California, until June 12, 2009 had a mining claim in the ENF. He was and is directly affected in his mining, prospecting and associated operations by the closure of roads and rights of way to motorized vehicles in the ENF. Mr. Wandt sold his mining claim because of a general policy of the ENF to close roads to motorized vehicles, affecting access to his mining claim. The ENF Travel Management Plan is a continuation of that policy. In addition, Mr. Wandt is a 100% disabled American veteran, which because of his disabilities required full vehicular access to his mining claim, and his present prospecting endeavors in the ENF. To deny motorize vehicular access to Mr. Wandt in the ENF, pursuant to the FEIS and ROD, is to prohibit his ability to mine and to presently prospect for mining claims in the ENF. Mr. Wandt is a member of PLP.

20. Plaintiff Randy Burleson is a prospector who actively utilizes the ENF, and is affected in his ability to prospect in the ENF by the closure of roads to motorized vehicles pursuant to the ROD.

21. Plaintiff Gene E. Bailey of Sacramento, California, has mining claims and estates in the ENF, and is directly affected in his mining and associated operations by the closure of roads and rights of way to motorized vehicles in the ENF pursuant to the ROD. Mr. Bailey is a 40% disabled American veteran. Mr. Bailey prospects and mines in the ENF to supplement his income. Mr. Bailey intends to continue to mine and prospect in the ENF. Plaintiffs are informed and believe, and thereon allege, that Mr. Bailey's access to his Federal mining claims and mineral estates has been closed pursuant to the FEIS and ROD, in that approximately 3.1 miles

- 6 -

FIRST AMENDED COMPLAINT

of Forest Road 14N25G is now closed to wheeled motorized vehicles. This denies Mr. Bailey access to his Federal mining claims and mineral estates. Mr. Bailey is a member of PLP.

22. Plaintiff Richard Nuss of Canyon Country, California is a sixth generation miner who has had mining claims and estates in the ENF for fourteen years. Over the years, the USFS has continually threatened to close roads to his claims. If the ENF continues with their road closures pursuing to the Travel Management Plan, the road to his claims will be closed. Mr. Nuss and his partners have used this road as a haul road for equipment and ore removal for many years. Mr. Nuss prospects and mines in the ENF to supplement his income. Mr. Nuss is a member of PLP.

23. Defendant United States Department of Agriculture ("USDA") is the department of the executive branch that is responsible for overseeing the activities of the USFS, the agency charged with the administration of the National Forests. Defendant USFS is charged with the administration of the ENF.

24. Defendant Tom Vilsack is the Secretary of Agriculture and is sued in his official capacity as Secretary of Agriculture. The USFS is an agency of the USDA and is subject to the direction and control of Defendant Vilsack in his official capacity.

25. Defendant Tom Tidwell is the Chief Forester of the USFS and is sued in his official capacity. Defendant Tidwell, or his predecessors in interest, is responsible for the operations and activities of the USFS on National Forest System lands.

26. Defendant Randy Moore is the Regional Forester, who has responsibility for supervising the ENF, and is sued in his official capacity as Regional Forester. Plaintiffs are informed and believe, and thereon allege, that Mr. Moore approved of and authorized the DEIS, FEIS, and the ROD which led to the closure of roads, rights of way, and haul roads to motorized vehicles in the ENF.

27. Defendant Ramiro Villalvazo is the Forest Supervisor of the ENF and is sued in his official capacity. Defendant Villalvazo, on or about April 2, 2008, signed the FEIS and the ROD relating to the closure of roads, rights of way, and haul roads to motorized vehicles in the ENF.

28. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOE 1 through DOE 10 are unknown to Plantiffs at this time, who therefore sue said Defendants by such fictitious names and will ask leave of Court to amend this First Amended Complaint to show their true names and capacities when the same are ascertained. Said Defendants are sued as principals and/or agents, servants, and employees of said principals, and all of the acts performed by them as agents, servants, and employees were performed within the course and scope of their authority and employment. Each of the Defendants is in some way responsible for the injuries sustained by the Plaintiffs.

29. At all times herein, all named Defendants and Defendants DOES 1 though 10 inclusive, and each of them, were the agents and employees of each of the remaining Defendants and were at all times acting within the purpose and scope of said agency and employment and each Defendant ratified and approved the acts of its agent.

## **STATEMENT OF FACTS**

30. On or about March 31, 2008, Ramiro Villalvazo, Forest Supervisor of the ENF, issued the Record of Decision relating to the Final Environmental Impact Statement of the ENF for "Public Wheeled Motorized Travel Management".

31. The FEIS and ROD, among other matters, set forth and approved the closure of existing roads and rights of way for motorized vehicles in the ENF to the general public, including without limitation, prospectors and miners holding valid mineral estates and claims in the ENF. This had the effect of severely limiting and/or prohibiting prospecting, mining, and associated mining activities in the ENF. The closing of the numerous existing routes which are contemplated by the ROD and FEIS will result in the overuse and abuse of those routes, roads and rights of way not so closed. The ENF and the USFS are also closing roads, rights of way, and haul roads that are not USFS authorized and numbered roads, but are roads, rights of way, and haul roads customarily and traditionally used by miners and prospectors in the ENF. These roads are still existing roads actively used by miners and prospectors, and authorized by the Federal mining laws. Defendants have taken the position that miners must file a Notice of Intent

or a Plan of Operations prior to gaining access to their mineral estates and mining claims, or to engage in prospecting, through roads closed by the FEIS and ROD.  This is so whether or not a Plan of Operations or Notice of Intent would need to be filed pursuant to 36 C.F.R. § 228.4.  Therefore, miners could be subject to criminal and civil penalties for failure to file a Notice of Intent or Plan of Operations should they proceed without such authorization, even though no such Notice of Intent or Plan of Operations would be required pursuant to  36 C.F.R. § 228.4.

32. The Bureau of Land Management ("BLM") lists three hundred sixty five (365) valid existing mining estates and claims in the ENF.  Many, if not most, of these claims are active.  Substantial gold production takes place in the ENF.  The ENF in its own literature distributed to the general public emphasizes gold production in the ENF.  It invites prospectors and miners to enter the ENF in order to engage in exploration and mining.

33. The FEIS and the ROD were engendered pursuant to an Order dated Aug. 16, 2005 by the Honorable Lawrence K. Karlton in *Center for Sierra Nevada et. al. vs. John Berry, Eldorado National Forest Supervisor et. al.*, United States District Court, Eastern District of California, CIV-S-02-0325 LKK/JFM". The Order of Judge Karlton prohibited the Forest Service from restricting "other permitted uses, or uses under valid pre-existing rights".

34. Public Lands for the People, Inc. ("PLP"), a California 501 c-3 non profit Corporation, for itself and for all of its members; as well as PLP representative members Bryan and Hillarie Bunting, hereafter individually and collectively referred to as "The Buntings"; and Steve Wandt, on or about May 15, 2008, appealed to Randy Moore, Regional Forester, USDA Forest Service, from the FEIS and ROD.  Appeal was also made by Randy Burleson.

35. On or about June 4, 2008, a public meeting was held in Placerville, California, relating to the ROD and FEIS.  PLP and some of its members were at that meeting, including PLP's President Gerald E. Hobbs. Mr. Hobbs represented all members of PLP.  Numerous comments in opposition were made regarding the ROD and FEIS by the public and representatives of organizations at that meeting.

36. On or about June 5, 2008, Mr. Hobbs and other representatives of PLP met in private session with representatives of ENF in Placerville, California. Mr. Hobbs expressed his

- 9 -

FIRST AMENDED COMPLAINT

opposition to the ROD and FEIS as it applied to miners, prospectors, future miners and prospectors, and other users of the ENF. Representatives of the ENF made clear that miners and prospectors would be affected by the proposed closures. Mr. Hobbs expressed his concern that the ENF was interfering with their rights to mine and prospect in the ENF.

37. On or about June 17, 2008, a conference call was held with Mr. Hobbs and representatives of the ENF. At the end of the conference call, there was no doubt but that the ENF would go forward with its proposed closures of roads, rights of way, and haul roads to motorized vehicles. Mr. Hobbs again expressed his opposition to its application to miners, prospectors, and other users in the ENF, and those who intend to become miners and prospectors.

38. On or about June 27, 2008, Tina Terrell, Appeal Reviewing Officer, Forest Supervisor, Sequoia National Forest, rejected in all respects the appeal of PLP and its members. Plantiffs are informed and believe, and thereon allege, that Ms. Terrell rejected all other appeals.

39. On or about June 27, 2008, James M. Pena as Appeal Deciding Officer approved the implementation of the ROD and FEIS as related to the closure of roads, rights of way, and haul roads to motorized vehicles in the ENF. Mr. Pena in his letter-decision stated: "I affirm the Forest Supervisor's decision to implement Alternative Modified B. The project may be implemented on, but not before, the 15th business day following the date of this letter (36 CFR 215, 9(b)). My decision constitutes the final administrative determination of the Department of Agriculture [36 CFR 215.18(c)]."

40. Plaintiffs are informed and believe, and thereon allege, that the closure of existing roads and rights of way to motorized vehicles in the ENF has already taken place and is being implemented. This has a direct and immediate effect upon prospectors and miners in the ENF, in that they need motorized vehicles in order to prospect, mine, and gain access to their mining claims and mineral estates, and engage in other associated mining activities in the ENF. Plaintiffs are informed and believe, and thereon allege, that the closure of existing roads and rights of way in the ENF to motorized vehicles affects approximately 87% of the total area of the ENF. Plaintiffs are informed and believe, and thereon allege, that the closure of roads, rights of

- 10 -

FIRST AMENDED COMPLAINT

way, and haul roads in the ENF to motorized vehicles affects over 50% of the total roads and rights of way in the ENF.

41.     Plaintiff Bryan Bunting, on or about April 24, 2008, was denied access to prospect on claims he held within the ENF due to the implementation of the FEIS and ROD. Mr. Bunting was actively prospecting on discoveries when he was barred from entering certain roads due to gates placed on the closed areas. On May 1, 2008, District Ranger Patricia M. Trimble sent a letter refusing to allow Mr. Bunting entry to the ENF until he filed a Notice of Intent of his proposed activities. Mr. Bunting responded that he had no intent to disturb the surface, and was engaging only in prospecting under 36 CFR § 228.4(a)(1)(ii), vehicular access under (a)(1)(ii), and marking and monumenting a mining claim under (a)(1)(iii), all of which do not require the filing of a Notice of Intent.

42.     On or about August 1, 2008, the Forest Service responded:

> Forest road 14N25G is located in T.13N., R.IIE., Section 12, Mount Diablo Meridian, not in T.13N., R.12E., Section 7, as stated in your letter. In the Eldorado National Forest Travel Management Plan, Modified Alternative B, approximately 3.1 miles of Forest road 14N25G are designated as "Closed to wheeled motorized vehicles" due to the proximity of the road to the Rubicon River. This stretch of the Rubicon, from Ellicotts Bridge to above Oxbow Reservoir, has been recommended for Wild River designation. Under Forest Service policy, the unique characteristics of these corridors are to be protected until designated. As of this time, Modified Alternative B has not been implemented, and Road 14N25G is still open to motorized travel.

43.     Defendants are informed and believe, and thereon allege, that the closure pursuant to the FEIS and ROD has taken place, and that Road 14N25G is now closed to motorized travel. This affects Mr. Bunting's ability to engage in exploration and prospecting, which he had every intention of pursuing. In addition, the closure of Forest Service Road 14N25G to motorized travel stops Mr. Gene Bailey's ability to access his mining claims.

44.     In their letter of August 1, 2008, the Forest Service further stated:

> Because you are requesting access on a road (13N92) that is not used and maintained for National Forest System purposes, I believe your activities are likely to cause significant disturbance of surface resources. According to the

- 11 -

FIRST AMENDED COMPLAINT

Forest Service regulations at 36 C.F.R. § 228.4(a), please submit a Plan of Operations for your proposal involving motorized access on 13N92.

45. The Forest Service has a policy of predetermining that every motorized vehicle access on a Forest Service Road closed pursuant to the FEIS and ROD is likely to cause a significant disturbance of surface resources as defined in 36 C.F.R. § 228.4(a), and require a Notice of Intent or Plan of Operations on that basis.  Plaintiffs are informed and believe, and thereon allege, that Forest Service Road 13N92 is now closed pursuant to the ROD and FEIS, stopping the Buntings ability to access his Federal mining claims and mineral estates.

### FIRST CAUSE OF ACTION
### (Violation of Miners Rights of Access)

46. Plaintiffs repeat and incorporate by reference the allegations of Paragraphs 1 through 45 of this First Amended Complaint.

47. The FEIS and ROD facially violate the statutory rights of miners to access their valid Federal mining claims and mineral estates.  The Forest Service cannot close such existing roads previously open for prospecting and access to their mining claims, and then force miners to file a Notice of Intent or Plan of Operations for such prospecting and access, because they are bound by Federal statute to respect and enforce a miner's right to access valid mining claims and mineral estates.  The FEIS and ROD erect barriers to access that violate these statutory rights. The requirement to file a Notice of Intent and/or Plan of Operations on formerly open roads, now closed pursuant to the FEIS and ROD, where miners are only seeking access and egress to and from their valid Federal mining claims, causes them substantial and unnecessary delay, costs and expenses, and the risk of criminal and civil penalties for noncompliance, all without any statutory or regulatory authority whatsoever.

48. Miners hold possessory title to their claims under the Mining Law of 1866, General Mining Law of 1872, 30 U.S.C. §§ 22-54, as well as the Mining and Minerals Policy Act of 1970, 30 U.S.C. § 21(a).  These mining claims and mineral estates are a form of real property. Accordingly, Federal statutes give to the locators and owners of mining claims, as a necessary incident of a property right, the right of ingress and egress across public lands to their

claims for the purposes of maintaining the claims and as a means towards removing the minerals. Miners' rights of access to their valid Federal mining claims on Federal lands are also protected by numerous Federal statutes and regulations, including 30 U.S.C. § 21(a), 30 U.S.C. §§ 22-54, 30 U.S.C. §§ 612 and 615, 16 U.S.C. § 1134(b), the Federal Land Policy and Management Act, 43 U.S.C. §§ 1701 and 1732(b), and 36 C.F.R. § 228.4(a)(1)(i) and 36 C.F.R. § 228.12.  These statutes, individually and as a totality, recognize and require access as a necessary component of the real property interest of miners, and obligate the Forest Service to allow miners and prospectors to access their mining claims.  This ancillary property right of access cannot be violated by the Forest Service.

49.     30 U.S.C. § 22 states that: "Except as otherwise provided, all valuable mineral deposits in lands belonging to the United States, both surveyed and unsurveyed, shall be free and open to exploration and purchase, and the lands in which they are found to occupation and purchase, by citizens of the United States and those who have declared their intention to become such, under regulations prescribed by law, and according to the local customs or rules of miners in the several mining districts, so far as the same are applicable and not inconsistent with the laws of the United States".  30 U.S.C. §§ 22-54 protects the right to mine on federal lands, as well as incorporates into Federal law the "local customs and rules" allowing access to mining claims through local roads and trails.

50.     30 U.S.C. §§ 612 and 615 prohibits the limitation or restriction of any existing rights of any mining claimant holding a valid mining claim in the ENF and other national forests. 30 U.S.C. § 612 states that "any use of the surface of any such mining claim by the United States, its permittees or licensees, shall be such as not to endanger or materially interfere with prospecting, mining or processing operations or uses reasonably incident thereto."  30 U.S.C. § 615 states that "[n]othing in this subchapter and sections 601 and 603  of this title shall be construed in any manner to limit or restrict or to authorize the limitation or restriction of any existing rights of any claimant under any valid mining claim heretofore located..."

51.     16 U.S.C. § 1134(b) protects rights of access where "valid mining claims or other valid occupancies are wholly within a designated national forest wilderness area, the Secretary of

- 13 -

FIRST AMENDED COMPLAINT

Agriculture shall, by reasonable regulations consistent with the preservation of the area as wilderness, permit ingress and egress to such surrounded areas by means which have been or are being customarily enjoyed with respect to other such areas similarly situated."

52.   Miners' rights of access are also protected by the Forest Service's regulations at 36 C.F.R. § 228.12 and 36 C.F.R. § 228.4(a)(1)(i), which recognizes that "an operator is entitled to access in connection with operations...."

53.   Miners' rights of access are protected by Judge Karlton's Order in Center for *Sierra Nevada Conservation, et. al., v. Berry,* Case No. CIV-S-02-0325, which states that "the Forest Service will restrict private party use of wheeled motor vehicles (excluding administrative use by the Forest Service or its agents, other permitted uses, or uses under valid pre-existing rights) to National Forest System roads open for public use..."  The closure of existing roads and rights of way pursuant to the FEIS and ROD, with a requirement of a Notice of Intent or Plan of Operations for a miner's entry and egress to his valid Federal mining claims and mineral estates, is a violation of Judge Karlton's Order.

54.   Defendants' actions in violating a miners' right to prospect, and rights of access to valid mining claims and mineral estates, were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law under 5 U.S.C. § 706(2)(A).  These actions have caused and will continue to cause immediate, direct, adverse and irreversible harm to Plaintiffs, other miners and prospectors, and citizens of the United States who wish to become prospectors and miners.

55.   Plaintiffs request injunctive relief, because the harm to them from the actions of the Defendants in implementing the Travel Management Plan in the ENF, which by closure of existing roads and rights of way, prohibits them from prospecting and accessing their mining claims and mineral estates, and which causes damage to them which is immediate and irreparable, since they must be able to use motorized vehicles in order to prospect and mine in the ENF.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth below:

FIRST AMENDED COMPLAINT

## SECOND CAUSE OF ACTION

### (Unlawfully Exceeding Regulatory Authority)

56. Plaintiffs repeat and incorporate by reference the allegations of Paragraphs 1 through 55 of this First Amended Complaint.

57. The Forest Service has unlawfully exceeded their regulatory authority by requiring all prospectors and miners, and prospective prospectors and miners, to file a Notice of Intent or Plan of Operations on existing roads and rights of way that have now been closed to motorized vehicles pursuant to the ROD and FEIS before engaging in prospecting and accessing their valid Federal mining claims and mineral estates.  Under 36 C.F.R. § 228.4(a)(1)(i), 36 C.F.R. § 212.6(a)-(c), 36 C.F.R. § 228.12, 36 C.F.R. § 228.15(c), the Forest Service has no authority to require a Notice of Intent  or Plan of Operations where Plaintiffs are only seeking access and egress to and from their valid Federal mining claims and mineral estates.  A Notice of Intent to Operate is not required under 36 C.F.R. § 228.4(a)(1) where:

> (i) Operations which will be limited to the use of vehicles on existing public roads or roads used and maintained for National Forest System purposes;
>
> (ii) Prospecting and sampling which will not cause significant surface resource disturbance and will not involve removal of more than a reasonable amount of mineral deposit for analysis and study which generally might include searching for and occasionally removing small mineral samples or specimens, gold panning, metal detecting, non-motorized hand sluicing, using battery operated dry washers, and collecting of mineral specimens using hand tools;
>
> (iii) Marking and monumenting a mining claim;
>
> (iv) Underground operations which will not cause significant surface resource disturbance;
>
> (v) Operations, which in their totality, will not cause surface resource disturbance which is substantially different than that caused by other users of the National Forest System who are not required to obtain a Forest Service special use authorization, contract, or other written authorization
>
> (vi) Operations which will not involve the use of mechanized earthmoving equipment, such as bulldozers or backhoes, or the cutting of trees, unless those operations otherwise might cause a significant disturbance of surface resources;

Existing roads and rights of way closed pursuant to the FEIS and ROD, including those that are not USFS recognized and numbered roads, though used by prospectors and miners, are still existing public roads, and are used and maintained for Forest Service purposes.

58.  Defendants have acted arbitrarily and capriciously by requiring that entry onto roads and rights of way previously open, and now closed due to the FEIS and ROD, requires a Notice of Intent or Plan of Operations pursuant to 36 C.F.R. § 228.4(a) in order to prospect and/or access a valid Federal mining claim and mineral estate.

59.  Plaintiffs request injunctive relief, because the Defendants' actions in preparing, adopting and implementing the closure of existing roads and rights of way to motorized vehicles, and other policies that interfere with the miners' right to prospect, and to access their mining claims and mineral estates in the ENF, were arbitrary and capricious, unlawful, and an abuse of discretion.  These actions have caused and will continue to cause immediate, direct, adverse and irreversible harm to Plaintiffs, other miners and prospectors, and citizens of the United States who wish to become prospectors and miners. Plaintiffs have suffered irreparable injury as herein complained of and requires such injunctive relief against the Defendants.

WHEREFORE, Plaintiffs prays for relief as hereinafter set forth below:

## **THIRD CAUSE OF ACTION**
### **(Declaratory Relief)**

60.  Plaintiffs repeat and incorporate by reference the allegations of Paragraphs 1 through 59 of this First Amended Complaint.

61.  An actual controversy has arisen and currently exists between Plaintiffs and the Defendants, and each of them, concerning their respective rights and duties.  Plaintiffs believe and contend, as set forth above, that the ROD and FEIS are unlawful as they affect miners' rights to prospect and access their valid Federal mining claims and mineral estates.  Plaintiffs are informed and believe, and on that basis allege, that Defendants intend to and have enforced the FEIS and ROD as against miners and prospectors to close existing roads and rights of way to motorized vehicles needed for prospecting, and to access their valid Federal mining claims and mineral estates.  A judicial declaration is therefore necessary and appropriate regarding the

validity of the FEIS and ROD as it affects a miner's right to prospect and to access their valid Federal mining claims and mineral estates.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth below:

## FOURTH CAUSE OF ACTION
## (Injunctive Relief)

62.     Plaintiffs repeat and incorporate by reference the allegations of Paragraphs 1 through 61 of this First Amended Complaint.

63.     Plaintiffs request injunctive relief, since the harm to them from the actions of the Defendants in implementing the Travel Management Plan in the ENF, prohibiting them from using existing roads and rights of way which were previously open to motorized vehicles, and now closed, for prospecting and accessing their Federal mining claims and mineral estates, causes damage to them which is immediate and irreparable.

64.     The Defendants' actions in preparing, adopting and implementing the closure of existing roads and rights of way to motorized vehicles, and other policies that interfere with the Plaintiffs' rights to prospect, and to access their valid Federal mining claims and mineral estates in the ENF, were arbitrary and capricious, unlawful, and an abuse of discretion. Such actions have caused and will continue to cause immediate, direct, adverse and irreversible harm to Plaintiffs and other miners and prospectors.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth below:

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court:

1.     Adjudge and declare that the challenged closure of existing roads and rights of way to motorized vehicles pursuant to the FEIS and ROD is arbitrary, capricious, an abuse of discretion, and unlawful, as it effects prospecting, and prospectors and miners seeking access to valid Federal mining claims and mineral estates, as set forth in Causes of Action I-IV of this First Amended Complaint; and that Defendants have acted beyond the scope of their legal authority in adopting those actions;

2. Enjoin and restrain Defendants, their agents, employees, successors, and all persons acting in concert or participating with them, from enforcing or implementing, and requiring others to enforce or implement, the aforesaid closure of existing roads and rights of way to motorized vehicles pursuant to the FEIS and ROD, and related policies, as it effects prospecting, and prospectors and miners seeking access to their valid Federal mining claims and mineral estates; and issue a temporary, preliminary, and/or permanent injunction against Defendants pursuant to Rule 65, Federal Rules of Civil Procedure;

3. Declare unlawful and set aside the FEIS and ROD, and ENF Travel Management Plan, as it effects prospecting, and prospectors and miners seeking access to their valid Federal mining claims and mineral estates in the ENF;

4. Remand the matters addressed in the FEIS and ROD and the ENF Travel Management Plan for further analysis and action in accordance with applicable law;

5. Award the Plaintiffs their reasonable attorney's fees, costs, and expenses of litigation as allowed by law, including without limitation the Equal Access to Justice Act, 28 U.S.C. § 241 *et seq.* and other applicable laws or rules of Court; and

6. Grant such other and further relief as the Court deems just and proper, including an award of attorney's fees, costs, and expenses.

Dated this 1st day of September, 2010.

        /s/David Young_____
        Attorney for Plaintiffs

FIRST AMENDED COMPLAINT