LAW OFFICES OF DAVID YOUNG
David Young, Esq. (SBN 55341)
11845 W. Olympic Blvd., Suite 1110
Los Angeles, CA 90064
Telephone: (310) 575-0308
Facsimile:  (310) 575-0311
E-mail: dyounglaw@verizon.net

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUBLIC LANDS FOR THE PEOPLE, INC., a California 501 C-3, non-profit corporation; GERALD E. HOBBS, an individual; BRYAN BUNTING, an individual; HILLARIE BUNTING, an individual; STEVE WANDT, an individual; GENE E. BAILEY, an individual; RICHARD NUSS, an individual; RANDY BURLESON, an individual,<br><br>                    Plaintiffs,<br><br>     v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE; UNITED STATES FOREST SERVICE; TOM VILSACK, in his official capacity as Secretary Of Agriculture; TOM TIDWELL, in his official capacity as the Chief Forester Of The USDA Forest Service; RANDY MOORE, in his official capacity as Regional Forester USDA Forest Service Regional Office R5; and RAMIRO VILLALVAZO, in his official capacity as Forest Supervisor Of The Eldorado National Forest; Does 1-10.<br>                    Defendants. | CASE NO.: 2:09-cv-01750-LKK-JFM<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date:         November 22, 2010<br>Time:        10:00 a.m.<br>Judge:       Honorable Lawrence K. Karlton<br>Place:        Courtroom 4 |

_____

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

## **TABLE OF CONTENTS**

**Page**

I     INTRODUCTION.................................................................................. 1

II    DISCUSSION...................................................................................... 2

      A.    Notice of Intent and Plan of Operations.............................. 2

      B.    Fundamental Right of Access............................................. 8

      C.    Judge Karlton's Order......................................................... 11

III   CONCLUSION................................................................................... 10

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page**

*Alfred E. Koenig*
       4 IBLA 18 (1971)......................................................................................................11

*Butte County Water Co. v. Baker*
       196 U.S. 119, 49 L.Ed. 409, 412, 25 S.Ct. 211 (1905).....................................12

*California Coastal Commission v. Granite Rock Co.*
       480 U.S. 572, 586-587, 94 L.Ed.2d 577, 107 S.Ct. 1419 (1987)......................12

*Clouser, et al. v. Espy, et al.*,
       42 F.3d 1522 (9th Cir.1994)........................................................................8, 10

*Gould Electronics Inc. v. United States*
       (3rd Cir.2000) 220 F.3d 169, 176......................................................................9

*Ogden Environmental Services, Inc. v. City of San Diego*
       692 F.Supp. 1222, 1229 (S.D.Cal.1988)..........................................................12

*Rights of Claimants to Access Over Public Lands to Their Claims*
       M-36584, 66 I.D. 361 (October 20, 1959).................................................10, 11

*South Dakota Mining Ass'n v. Lawrence County*
       55 F.3d 1005, 1009-1010 (8th Cir.1998)............................................................12

*United States v. Lex*
       300 F.Supp.2d 951, 961-63 (E.D.Cal. 2003).......................................................4

*U.S. v. Pepper*
       697 F.Supp.2d 1171, 1177 fn. 8 (E.D.Cal. 2009)............................................4, 8

*U.S. v. 9,947.71 Acres of Land, More or Less, in Clark County, State of Nev.*
       220 F.Supp. 328, 331 (D.C.Nev. 1963)...............................................................4

*Valdez v. United States*,
       (E.D. CA 1993) 837 F.Supp. 1065, 1067 (citing text), aff'd
       (9th Cir.1995) 56 F.3d 1177...............................................................................9

___

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

*Ventura County v. Gulf Oil Corp.*
    601 F.2d 1080, 1084 (9th Cir.1979)..................................................................12

**Regulations**

36 C.F.R. § 212.55(d)..........................................................................................12

36 C.F.R. § 228.........................................................................................2, 5, 6, 7, 11

36 C.F.R. § 228.3..................................................................................................6

36 C.F.R. § 228.4.................................................................1, 2, 3, 4, 5, 6, 7, 8, 12, 13

36 C.F.R. § 228.12...........................................................................................4, 5

36 C.F.R. § 251.51................................................................................................6

36 C.F.R. § 261.13................................................................................................6

**Statutes**

3 U.S.C. §§ 1701 and 1732(b)............................................................................10

16 U.S.C. § 472..................................................................................................11

16 U.S.C. § 478....................................................................................................4

16 U.S.C. §§ 1131-1136.......................................................................................8

16 U.S.C. § 1134(b)...........................................................................................10

16 U.S.C.A. § 1134..............................................................................................5

16 U.S.C. § 1271..................................................................................................8

16 U.S.C.A. § 1134..............................................................................................6

23 U.S.C. § 101....................................................................................................5

30 U.S.C. § 21....................................................................................................10

30 U.S.C. § 21a..................................................................................................10

30 U.S.C. §§ 22-54..............................................................................................8

30 U.S.C. § 612 and 615....................................................................................10

_____

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT**

**Treatises and Registers**

Federal Register, Vol. 70, No. 107, pp. 32724-5..................................................................7

*Lindley*, 2 Mines §§ 629-631 (1897)................................................................................11

*Maley*, Mineral Law, p.160 (6th ed. 1996)..............................................................10, 11

_____

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT**

# I

# INTRODUCTION

Plaintiffs, small and medium-scale miners with Federal mining claims and mineral estates in the El Dorado National Forest ("ENF"), have filed their First Amended Complaint to vindicate Federal rights of access to their mining claims and mineral estates guaranteed by Federal mining statutes, Forest Service Regulations, and case law.

On or about April 2, 2008, the United States Forest Service ("USFS") released their Final Environmental Impact Statement ("FEIS") for the ENF. The FEIS was approved on or about March 31, 2008 by a Record of Decision ("ROD"), signed by Ramiro Villalvazo, ENF Forest Supervisor. *Eldorado National Forest Public Wheeled Motorized Travel Management EIS, Record of Decision.* The ROD, among other matters, set forth and approved the closure of roads and rights of way for motorized vehicles in the ENF. This encompassed the general public, including without limitation, off-road vehicles, and prospectors and miners holding valid mining claims and mineral estates in the ENF. The FEIS and the ROD were originally and primarily aimed at recreational off-road vehicles and users. However, the FEIS and the ROD also hit hard and impacted prospectors and miners in the ENF. This had the effect of severely limiting, and/or prohibiting, prospecting, mining, and associated mining activities in the ENF.

Plaintiffs, prospectors and miners, have a right to access their mining claims without filing a Notice of Intent ("NOI") or Plan of Operations ("POO") when their operations are limited to the use of vehicles on existing public roads or roads used and maintained for National Forest System purposes pursuant to 36 C.F.R. § 228.4(a)(1)(i). Prior to the implementation of the FEIS and ROD by the ENF, prospectors and miners in the ENF, especially when there was no significant surface disturbance, did not have to file a NOI or POO in order to use the now closed roads for prospecting activities, or accessing

- 1 -

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

their mining claims and mineral estates.  These rights are now violated by the USFS in their implementation of the FEIS and ROD.

After the implementation of the FEIS and ROD, the ENF now takes the position that irrespective of whether or not there will be any significant surface disturbance, and irrespective of any other Forest Service regulations, any prospector or miner wishing to use roads now closed to motorized vehicles, will first have to file an NOI or POO.  The ENF adheres to this position whether or not the mining claim and mineral estate was established prior to the implementation of the FEIS and ROD, and whether or not any prospector or miner had used the now closed roads without previously having to file an NOI and/or POO.

The position of the ENF is that the act of closure of the roads pursuant to the ENF *Travel Management Plan*, in and of itself, requires an NOI and/or POO for motorized vehicles in order to prospect or access a valid mining claim and mineral estate.  Plaintiffs, prospectors and miners, challenge these assertions by the ENF.

## II
## DISCUSSION

A. **Notice of Intent and Plan of Operations**

The structure and requirements for a Notice of Intent, a Plan of Operations, and the exceptions thereto, are set forth in 36 C.F.R. § 228 *et seq*.  Section 228.4 states:

> "(a)    Except as provided in paragraph (a)(1) of this section, a Notice of Intent to operate is required from any person proposing to conduct operations which might cause *significant disturbance of surface resources*.  Such Notice of Intent to operate shall be submitted to the District Ranger having jurisdiction over the area in which the operations will be conducted.  Each Notice of Intent to operate shall provide information sufficient to identify the area involved, the nature of the proposed operations, the route of access to the area of operations, and the method of transport.
>
> A Notice of Intent to Operate *is not* required for:

- 2 -

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

> (i) Operations which will be limited to the use of vehicles o*n existing public roads or roads used and maintained for National Forest System purposes*:
>
> (ii) Prospecting and sampling which will not cause significant surface resource disturbance and will not involve removal of more than a reasonable amount of mineral deposit for analysis and study which generally might include searching for and occasionally removing small mineral samples or specimens, gold panning, metal detecting, non-motorized hand sluicing, using battery operated dry washers, and collecting of mineral specimens using hand tools;
>
> (iii) Marking and monumenting a mining claim;
>
> (iv) Underground operations which will not cause significant surface resource disturbance:
>
> (v) Operations, which in their totality, will not cause surface resource disturbance which is substantially different than that caused by other users of the National Forest System who are not required to obtain a Forest Service special use authorization, contract, or other written authorization;
>
> (vi) Operations which will not involve the use of mechanized earthmoving equipment, such as bulldozers or backhoes, or the cutting of trees, unless those operations otherwise might cause a significant disturbance of surface resources; or
>
> (vii) Operations for which a proposed plan of operations is submitted for approval." *Emphasis added*.

A proposed Plan of Operations is required only "if the proposed operations will likely cause a significant disturbance of surface resources." However, "The requirement to submit a Plan of Operations shall not apply to operations listed in paragraphs (a)(1)(i) through (v)". *See* 36 C.F.R. § 228.4(a)(3). This includes the use of Forest Service roads as exempted in paragraph (a)(1)(i) *supra*. This exemption is consistent with the general goal of 36 C.F.R. § 228.4(a), which is to only require a Notice of Intent to Operate where operations might cause a "significant disturbance of surface resources." The exemption

- 3 -

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT**

also accords with the similar list in 36 C.F.R. § 228.4(a), which enumerates exempted operations on the basis that they will not cause a significant disturbance of surface resources. 36 C.F.R. § 228.4(a) is intended to give guidance to miners as to whether or not they will need to submit a NOI or POO prior to accessing their mining claims. *See U.S. v. Pepper,* 697 F.Supp.2d 1171, 1177 fn. 8 (E.D.Cal. 2009), *citing, United States v. Lex*, 300 F.Supp.2d 951, 961-63 (E.D.Cal. 2003). 36 C.F.R. § 228.4(a) is also illustrative of the distinction between the Forest Service's right to reasonably regulate significant disturbances of surface resources and Federal miners' undisputed right to access their claims without interference.

Prospectors' and miners' rights of access are protected by 36 C.F.R. § 228.12, which states that "An operator is entitled to access in connection with operations..." as well as 16 U.S.C. § 478, which states that "Nor shall anything in such sections prohibit any person from entering upon such national forests for all proper and lawful purposes, including that of prospecting, locating, and developing the mineral resources thereof." In addition, 30 U.S.C. § 612 states that: "any use of the surface of any such mining claim by the United States, its permittees or licensees, shall be such as not to endanger or materially interfere with prospecting, mining or processing operations or uses reasonably incident thereto." Prospectors' and miner's rights of access are also protected by 30 U.S.C. § 615: "Nothing in this subchapter and sections 601 and 603 of this title shall be construed in any manner to limit or restrict or to authorize the limitation or restriction of any existing rights of any claimant under any valid mining claim heretofore located." *See also, U.S. v. 9,947.71 Acres of Land, More or Less, in Clark County, State of Nev.*, 220 F.Supp. 328, 331 (D.C.Nev. 1963) stating that: "Congress did not leave the rights of miners and others to such chance, but passed the Act of July 26, 1866, 14 Stat. 251; which declared in

- 4 -

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

Section 1 thereof ( 30 U.S.C. § 22) that the mineral lands of the public domain were open to exploration and occupation.".[1]

Further, § 228.4(b) independently states: "The requirement to submit a Plan of Operations shall not apply: (1)  To operations excepted in § 228.4(a). . ." *supra,* which again includes the use of Forest Service roads.  § 228.12 *Access* states:  "An operator is entitled to access in connection with operations . . ." without an NOI or POO when none is "required by § 228.4(a)".  This again exempts from an NOI or POO the use of Forest Service roads.

36 C.F.R. § 228.4(a)(1) is clear on its face: a Notice of Intent to Operate is not required where operations will be limited to the use of vehicles on existing public roads or USFS roads.  Defendants, in their Motion to Dismiss, attempt to reduce the rights guaranteed by 36 C.F.R. § 228.4(a)(1)(i) to irrelevancy by aggressively redefining terms as to what constitutes a public road and a Forest Service road. However, Defendants' redefinitions have no support in statute or case law regarding the ENF. The essence of Defendants' argument appears to be that in some magical manner the roads closed by the *Travel Management Plan* are really not subject to § 228 *et seq.*, especially the exemptions

---

[1] Even with respect to Wilderness lands, miners' rights are confirmed by 16 U.S.C.A. § 1134, which states that: "In any case where State-owned or privately owned land is completely surrounded by national forest lands within areas designated by this chapter as wilderness, such State or private owner shall be given such rights as may be necessary to assure adequate access to such State-owned or privately owned land by such State or private owner and their successors in interest, or the State-owned land or privately owned land shall be exchanged for federally owned land in the same State of approximately equal value under authorities available to the Secretary of Agriculture: Provided, however, That the United States shall not transfer to a State or private owner any mineral interests unless the State or private owner relinquishes or causes to be relinquished to the United States the mineral interest in the surrounded land."

- 5 -

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT**

of § 228.4(a)(1), but they are subject to § 228 *et seq.* so that prospectors or miners have to filed an NOI and POO pursuant to § 228 *et seq.* in order to now use those roads. The terms "existing public road" and "roads used and maintained for National Forest System purposes" are not ambiguous terms, and they are not otherwise given a specialized definition in 36 C.F.R. § 228.3 *Definitions.*

Roads closed pursuant to the FEIS and ROD are still existing public roads and Forest Service roads. They are "used" and "maintained" for Forest Service purposes. Accordingly, a NOI or POO to Operate is not required where operations are limited to the use of vehicles on existing public roads or roads used and maintained for National Forest System purposes. § 228.4(a)(1).

Defendants, in their Motion to Dismiss, attempt to evade the language and intent of 36 C.F.R. § 228.4(a)(1) by rewriting the clear meaning of "existing public roads" and "roads used and maintained for National Forest System purposes." Defendants' definitions of "public roads" are either taken from other unrelated statutory codes, or are irrelevant. Defendants have no basis for importing definitions from the Federal Highway Act, 23 U.S.C. § 101 *et seq.* In fact, the Federal Highway Act separately defines those roads under the jurisdiction of the Forest Service. 23 U.S.C. § 101(a)(8) ("Forest development roads and trails.--The term "forest development roads and trails" means forest roads and trails under the jurisdiction of the Forest Service."). With respect to Defendants' other citations, 36 C.F.R. § 261.13 does not contain a definition of an "existing public roads," and 36 C.F.R. § 251.51 simply exempts State, County, or Local roads from the definition of a "National Forest System road."

Defendants are unable to point to any statutory or regulatory authority that states that roads closed to motorized vehicles pursuant to the ENF *Travel Management Plan* are not "roads used and maintained for National Forest System purposes." That Defendants would like to close these roads to motorized vehicles by everyone but the USFS is irrelevant. Plaintiffs have a statutory right to use these roads for access pursuant to 36

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT**

C.F.R. § 228.4(a)(1), and their Federal statutory rights.  Defendants are bound by their own regulations to allow access to prospectors and miners without submission of a NOI or POO where operations will be limited to the use of vehicles on existing public roads or roads used and maintained for National Forest System purposes.

The structure of § 228 is such that the initial determination as to whether or not a NOI or POO is required is initially left to the prospector or miner not to the Forest Service. In commenting upon the proposed Rule 228.4, the Forest Service published the following comment and response on June 6, 2005 in the Federal Register, Vol. 70, No. 107, pp. 32724-5:

> "Comment:   Numerous respondents commented that the phrase, '[u]nless the District Ranger determines that an operation is causing or will likely causer a significant disturbance of surface resources' gives to much discretion to District Rangers.  Those respondents stated that the phrase would permit a District Ranger to require a plan of operations for surface disturbance of any magnitude, including that which will likely result from the operations listed in the exemptions in paragraphs 4(a)(1)(i) – (v) of the interim rule, *such as vehicle use on existing roads*, removal of small mineral samples, and marking or monumenting mining claims.  Other respondents characterized the phrase as eliminating the exemptions to the requirement for prior submission and approval of a plan of operations previously in § 228.4(a)(1)(i) – (v)
>
> Two respondents specifically requested the deletion of the phrase and its replacement by the prefatory language of § 228.4(a)(1) and the language of § 228.4(a)(1)(i) – (v).  Those respondents commented that this change would ensure the continuation of the historic application of the terms 'disturbance' and 'significant disturbance.'
>
> Response:   *The intent in adopting § 228.4(a)(1) of the interim rule was not to authorize a District Ranger to require a plan of operations for operations which will not exceed the scope of one or more of the exemptions in § 228.4(a)(1)(i) – (v) of the interim rule. To ensure that the final rule is not interpreted in such an untended manner, the phrase 'unless the District Ranger determines that an operation is causing or will likely cause a significant disturbance or surface resources" is not included in the final rule. Thus, pursuant to § 228.4(a)(3) of the final rule, it is clear that prior submission*

> *and approval of a proposed plan of operations is not required if the proposed operations will be confined in scope to one or more of the exempted operations mentioned in that paragraph.'"* Emphasis added.

The initial determination as to whether a NOI or POO need be filed with the District Ranger is initially left to the miner and/or prospector. In *United States v. Pepper*, *supra,* 697 F.Supp.2d at 1177, the Court stated :

> "Any would-be miner may still come and go on National Forest Systems lands without Forest Service scrutiny so long as he subjectively determines that his mining operations are minimal under § 228.4(a)(1)."

*U.S. v. Pepper, supra,* is relied on by Plaintiffs' in their Memorandum in Support. *See* Defendants' Memorandum p. 22. Thus, the "Forest Service scrutiny" set forth in *U.S. v. Pepper* is first by the prospector or miner who files an NOI or POO. The USFS now attempts to turn that procedure on its head. It asserts that it can by merely closing roads and denying access to a valid mining claim pursuant to the ENF *Travel Management Plan*, determine for a miner or prospector that an NOI and/or POO is required. In support of this proposition, the Defendants rely primarily on *Clouser, et al. v. Espy, et al.*, 42 F.3d 1522 (9th Cir.1994). *Clouser*, however, stands for no such proposition. *Clouser* involved three (3) mining claims, two (2) of which were in "wilderness areas" pursuant to the Wilderness Act of 1964, 16 U.S.C. §§ 1131-1136, and the third is located on national forest land that is part of the National Wild and Scenic Rivers System, 16 U.S.C. § 1271.

In all three claims, the mining claims were filed on lands that were subsequently withdrawn from mineral entry under the Wilderness Act or the Wild and Scenic Rivers Act, so that only persons establishing that they discovered a valuable mineral deposit prior to the withdrawals possessed a valid right to mine the claims. The Forest Service contested the validity of all three (3) mining claims, asserting that no claims could be filed because of the withdrawals from mineral entry. In all three (3) claims the mining claimants themselves filed a proposed Plan of Operations. The Plans of Operations in all

- 8 -

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

three claims included access to the claims. Since the Forest Service contested the validity of the claims, the issue before the Court was whether the Forest Service could deny motorized access to all three claims while the government was contesting the validity of all three claims. Not surprisingly, the Court held the Forest Service could do this.

Plaintiffs allege in their First Amended Complaint that they are the holders of valid mining claims. The validity of Plaintiffs' mining claims are not at issue for the purposes of Defendants' Motion to Dismiss, and Plaintiffs' assertions must be taken to be true. *Gould Electronics Inc. v. United States* (3rd Cir.2000) 220 F.3d 169, 176; *Valdez v. United States*, (E.D. CA 1993) 837 F.Supp. 1065, 1067 (citing text), aff'd (9th Cir.1995) 56 F.3d 1177.

In addition, for two of the claims that were in wilderness areas in *Clouser*, under the unique rules and regulations that applied only to wilderness areas, where motorized access was not the norm, and mining operations could be carried on without motorized access, the Court found that for those unique wilderness area mining claims, the Forest Service had discretion to deny motorized access. *Clouser* is a specialized and unique factual situation.

In *Clouser* the mining claimants freely filed a POO putting the validity of their mining claims at issue, and invoking motorized access as part of the POO. From this unique case, the Defendants cite *Clouser* for every conceivable rationale, that by closing roads in the ENF pursuant to the *Travel Management Plan*, the USFS can force a prospector or miner to file a NOI or POO for roads exempt from such filings. Indeed, it is not at all clear what the Forest Services alleges the NOI or POO should disclose. Is the only issue the use of the road, or the use of the road in conjunction with the complete mining operation on the mining claim? If that is the case, this also turns a POO on its head, where the need for access to a mining claim in order to prepare for further development requires a premature POO for the entire mining claim. Are bonds now required? (§ 228.13). This may become a premature expense inhibiting future development of a mining claim.

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

### B. <u>Fundamental Right of Access</u>

In administering the public lands as it affects miners and prospectors, the governmental departments, whether headed by the Secretary of Agriculture or the Secretary of Interior, have a congressional statutory mandate, implemented by regulations, which gives them a "shared objective". That objective is, to preserve and protect prospectors' and miners' rights of access to the public lands for mining purposes, especially the development of their mining claims and mineral estates. "In the absence of decisional or statutory law, I cannot interpret a governmental regulation in a manner inconsistent with its shared objective." *Clouser v. Espy*, *supra,* 42 F.3d at 1535.

The right of miners to access and utilize their Federal mining claims is explicitly recognized by a variety of statutes, including  30 U.S.C. § 21a; 30 U.S.C. §§ 22-54; 30 U.S.C. §§ 612 and 615; 16 U.S.C. § 1134(b); and 3 U.S.C. §§ 1701 and 1732(b). Defendants go to considerable lengths to compare the Federally guaranteed mining rights of miners holding valid Federal mining claim to the regulatory authority of the various United States agencies. However, Plaintiffs do not deny that agencies of the United States retain a level of regulatory authority. Plaintiffs assert that this regulatory authority cannot ultimately prevent miners holding Federal mining claims from accessing, prospecting, and mining on their mining claims and mineral estates.

The miners hold possessory title to their claims under the General Mining Law of 1872, 30 U.S.C. § 21 *et seq.*, as well as the Mining and Minerals Policy Act of 1970, 30 U.S.C. § 21(a). It is simple common sense that miners must be guaranteed access to their valid mining claims on Federal lands. Accordingly, "The General Mining Law of 1872 gives to the locators and owners of mining claims, as a necessary incident, the right of ingress and egress across public lands to their claims for the purposes of maintaining the claims and as a means towards removing the minerals. Therefore, a right-of-way permit is not required to obtain access to an unpatented mining claim *Rights of Claimants to Access Over Public Lands to Their Claims*, M-36584, 66 I.D. 361 (October 20, 1959)." *Maley,*

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

Mineral Law, p.160 (6th ed.1996). Solicitor's Opinion, M-36584, 66 I.D. 361 (1959) states that: "the genesis and history of the mining laws makes clear that Congress intended to give the miner free access to minerals in the public lands . . . Congress knew, when it enacted the mining laws, that miners necessarily would have to use public lands outside of the boundaries of their claims for the running of tunnels and for roads"; *see also, Alfred E. Koenig*, 4 IBLA 18 (1971); *Lindley*, 2 Mines §§ 629-631 (1897).

16 U.S.C. § 472 specifically states:

> "The Secretary of the Department of Agriculture shall execute or cause to be executed all laws affecting public lands reserved under the provisions of *section 471* of this title, or sections supplemental to and amendatory thereof, after such lands have been so reserved, *excepting such laws as affect* the surveying, *prospecting, locating, appropriating, entering*, relinquishing, reconveying, certifying, or patenting of any of such lands." *Emphasis added*.

The Forest Service regulations recognize this right of road access in 36 C.F.R. § 228 *et seq*, and the FEIS recognizes this right at FEIS p.3-312.

Section L of the FEIS states:

> "Those alternatives with reduced public wheeled motor vehicle access, particularly within the western portion of the forest where mineral resources are more likely to occur, may have the effect of reducing access for prospecting or exploration, with the subsequent effect of reduction of discovery of new mineral resource commodities."---"Individuals or Companies that conduct prospecting and exploration activities are not usually required to obtain a permit or other form of authorization pursuant to 36 CFR 228. . ." [FEIS p.3-312]

Accordingly, the Forest Service cannot prevent miners holding Federal mining claims from accessing their claims, and they cannot promulgate regulations that have the same effect as prohibition under the guise of time consuming delay causing regulations, regulations that may result in denial of access, when such regulations are unauthorized to begin with. *See, Maley*, Mineral Law, p.160 (6th ed. 1996); *Alfred E. Koenig*, 4 IBLA 18 (1971); *Lindley*, 2 Mines §§ 629-631 (1897); *Rights of Claimants to Access Over Public*

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

*Lands to Their Claims*, M-36584, 66 I.D. 361 (October 20, 1959). *See, Ogden Environmental Services, Inc. v. City of San Diego*, 692 F.Supp. 1222, 1229 (S.D.Cal.1988) (Onerous city permitting requirements with vague requirements constitute a *de facto* ban frustrating congressional intent). *See also, Butte County Water Co. v. Baker,* 196 U.S. 119, 49 L.Ed. 409, 412, 25 S.Ct. 211 (1905); *California Coastal Commission v. Granite Rock Co.*, 480 U.S. 572, 586-587, 94 L.Ed.2d 577, 107 S.Ct. 1419 (1987);*Ventura County v. Gulf Oil Corp.*, 601 F.2d 1080, 1084 (9th Cir.1979); *South Dakota Mining Ass'n v. Lawrence County,* 55 F.3d 1005, 1009-1010 (8th Cir.1998).

Plaintiffs specifically deny that the ENF *Travel Management Plan* by closing roads formerly opened to motorized vehicles, can force a prospector or miner to file a NOI or POO, where none was previously required. Plaintiffs specifically deny that the USFS has any such regulatory authority, especially in light of the numerous exemptions set forth in § 228.4.

The Forest Service has determined, despite 36 C.F.R. § 228(a)(1) and the Federal rights of miners, that for any closed roads pursuant to the FEIS and ROD that were previously open to the public, and used for access to mining claims, miners must now file a NOI or POO pursuant to 36 C.F.R. § 228.4(a) in order to gain access to their mining claims and mineral estates. *See*, FEIS 3-212; 36 C.F.R. §  228.4; 36 C.F.R. § 212.55(d).  This determination violates the Federal rights of miners and oversteps the regulatory authority granted to the USFS. Plaintiffs seek declaratory and injunctive relief to vindicate a prospectors' and miners' rights to access their mining claims without filing a NOI or POO, where operations are exempted pursuant to 36 C.F.R. § 228.4(a)(1) *et seq*.

### C.     **Judge Karlton's Order**

Defendants argue that Judge Karlton's Order in *Center for Sierra Nevada Conservation, et al. v. Berry*, Case No. CIV-S-02-0325, which prohibits the Forest Service from affecting "other permitted uses, or uses under valid pre-existing rights" applies only to such rights prior to the implementation of the ENF *Travel Management Plan*.

- 12 -

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT**

Defendants do not challenge that a prospectors' and miners' right to use the roads closed pursuant to the *Travel Management Plan* are "other permitted uses, or uses under valid pre-existing rights". To construe Judge Karlton's Order as stating that once the *Travel Management Plan* is implemented such rights can be wiped out, is a distorted reading of the Order.  The Order gives no such permission, or sanctions any such deprivation and violation of prospectors' and miners' rights.  The Order protects "other permitted uses, or uses under valid pre-existing rights" prior to, and especially after, the implementation of the *Travel Management Plan*.

Defendants grudgingly acknowledge this.  In their Memorandum dealing with Judge Karlton's Order, p. 25, Defendants state that "Moreover even if the provision were still effective . . .", in some unexplained way the *Travel Management Plan* abolishes § 228.4, and especially 228.4(a)(1), so that the Forest Service can still require a NOI or POO irrespective or whether or not Judge Karlton's Order applies.  This violates not only the Order, but elementary logic.  For the same reasons previously stated, the Forest Service has no regulatory authority to require from prospectors and miners a NOI or POO, merely by the implementation of the *Travel Management Plan*.

### III

### CONCLUSION

The Federal access rights of prospectors and miners are longstanding and undisputed. The USFS has attempted to destroy the Federal rights of prospectors and miners without any statutory or regulatory authority, merely by implementation of the *Travel Management Plan*.  This procedure has over-reached any statutory or regulatory limit by attempting to require prospectors, and all miners holding Federal mining claims and mineral estates, to file a NOI or POO prior to prospecting, or accessing their Federal

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

mining claims.  This is in direct defiance of Federal mining statutes and Forest Service regulations, and in disregard of Judge Karlton's Order.

For the reasons stated above, Defendants' Motion to Dismiss should be denied.

DATED:  November 5, 2010                    Respectfully submitted,

                                              LAW OFFICES OF DAVID YOUNG

                                              By:     /s/ David Young
                                                    Attorney for Plaintiffs

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**