IGNACIA S. MORENO
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

Thomas K. Snodgrass, Colorado Bar. No. 31329
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
Phone:  303/844-1368
Fax: 303/844-1350
thomas.snodgrass@usdoj.gov

Jason A. Hill, D.C. Bar No. 477543
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663
Phone: (202) 514-1024
Fax: (202) 305-0506
jason.hill2@usdoj.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUBLIC LANDS FOR THE PEOPLE, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF AGRICULTURE, et al., <br><br> Defendants. | Civ. No. 2:09-cv-1750-LKK-JFM <br><br> Related Cases: <br> Civ. No. 2:09-cv-2523-LKK-JFM <br> Civ. No. 2:02-325-LKK-JFM <br><br> **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** <br><br> Date: November 22, 2010 <br> Time: 10:00 a.m. <br> Judge: Honorable Lawrence K. Karlton <br> Place: Courtroom 4 |

# INTRODUCTION

On October 18, 2010, Defendants moved for dismissal of Plaintiffs' amended complaint on the basis that Plaintiffs are incorrect as a matter of law in asserting that the Forest Service lacks authority to regulate access for mining and prospecting activities that propose motor vehicle use on roads that are not designated for that purpose in the agency's March 2008 travel management decision (the "Decision") for the Eldorado National Forest ("ENF"). Plaintiffs' central argument in response is that the Forest Service has misapplied its mining regulations in determining that miners and prospectors must submit a notice of intent ("NOI") or plan of operations ("POO") prior to operating motor vehicles on non-designated roads in the National Forest System ("NFS"). According to Plaintiffs, the exemptions under 36 C.F.R. § 228.4(a)(1) for "public roads" or "roads used and maintained for National Forest System purposes" relieve them of any duty to submit a NOI or POO where their mining operations are limited to motor vehicle use. Plaintiffs further contend that various statutory and regulatory enactments, as well as a prior order of this Court, grant them broad and unrestricted rights of access to the ENF for mining and prospecting purposes that may be exercised without regard to the designations made pursuant to the Decision and the general prohibition against motor vehicle use outside designated routes and areas under 36 C.F.R. § 261.13.

Each of these arguments is fundamentally flawed. Plaintiffs' assertion that roads which are neither designated for motor vehicle use under the Decision nor evidenced by a legally documented, public right-of-way nonetheless qualify under 36 C.F.R. § 228.4(1)(1)(i) as "public roads" or "roads used and maintained for National Forest System purposes" conflicts with the agency's regulatory scheme and its reasonable interpretation of these exemptions. Plaintiffs also fail to explain how they, as contrasted with the public at large, are somehow insulated from the separate requirements of the 2005 Travel Management Rule and the general prohibition against motor vehicle use on non-designated NFS roads, NFS trails, and areas on NFS lands. Finally, Plaintiffs' argument that various statutory enactments entitle them to an unimpeded right of access to the ENF for mining and prospecting purposes over which the Forest Service lacks any regulatory authority is squarely refuted by well-established and binding case law to the contrary. For all these reasons, Plaintiffs' amended complaint should be dismissed for failure to state a claim upon which relief can be granted.

# ANALYSIS

## I. Plaintiffs Misinterpret The Agency's Mining And Travel Management Regulations.

Plaintiffs challenge the Forest Service's regulatory authority on the general theory that, by virtue of their status as miners and prospectors and the exemptions to the NOI requirement under 36 C.F.R. § 228.4(a)(1)(i), they are immune from the effect of the Decision and may operate motor vehicles on non-designated NFS roads throughout the ENF without complying with the Forest Service's regulatory requirements. This argument misapplies these exemptions and misconstrues the legal effect of the Forest Service's 2005 Travel Management Rule.

### A. Plaintiffs Misapply the Exemptions Under 36 C.F.R. § 228.4(a)(1)(i).

Absent the applicability of an exemption under 36 C.F.R. § 228.4(a)(1), the Forest Service's mining regulations require miners and prospectors, at a minimum, to file a NOI for proposed mining operations – including the use of NFS roads – if the operations "might cause significant disturbance of surface resources." 36 C.F.R. § 228.4(a) (emphasis added); see also 36 C.F.R. § 228.3(a) (defining mining "operations" to include the use of "roads and other means of access."). A more detailed proposed POO is required "if the proposed operations will likely cause" such a disturbance. 36 C.F.R. § 228.4(a)(3) (emphasis added). For mining and prospecting operations that are limited to the use of motor vehicles, the regulations include two specific exemptions from the NOI requirement for "public roads or roads used and maintained for National Forest System purposes." 36 C.F.R. § 228.4(a)(1)(i). If neither of these exemptions applies, motor vehicle use on non-designated routes invariably rises at least to the level of mining operations that "might cause significant disturbance of surface resources" because the routes would otherwise remain undisturbed and not available for public motor vehicle use under the Decision. Plaintiffs rely primarily upon these two exemptions in asserting that they are categorically immune from having to submit a NOI, much less a POO, where they propose to operate motor vehicles on roads in the ENF that are not designated for such use under the Decision. This argument fails on multiple levels.

As an initial matter, Plaintiffs' regulatory challenge is misdirected at the Decision. As previously discussed, the Record of Decision ("ROD") and Final Environmental Impact Statement ("FEIS") challenged in this action do not purport to apply or interpret the NOI or POO requirements,

1  but instead concern the designation of NFS roads, NFS trails, and areas on NFS lands in the ENF
2  for motor vehicle use. See U.S. Opening Memo. at 20-21. A decision vacating the FEIS and ROD
3  would therefore not alter these requirements or application of the exemptions under 36 C.F.R. §
4  228.4(a)(1). Although Plaintiffs may desire to have the Court issue an advisory opinion concerning
5  the circumstances in which a NOI or POO is required, this lawsuit, in which no NOI or POO is at
6  issue, is not the proper forum for such a challenge. Plaintiffs' brief fails to address this basic
7  deficiency in their amended complaint.[1]

8  Plaintiffs' regulatory challenge also fails on the merits. According to Plaintiffs, "[r]oads
9  closed pursuant to the FEIS and ROD are still existing public roads and Forest Service roads. They
10 are still 'used' and 'maintained' for Forest Service purposes." Pl. Br. at 6. These conclusory
11 assertions – unsupported by legal citation or further explanation – effectively interpret the
12 exemptions under 36 C.F.R. § 228.4(a)(1)(i) to encompass virtually all previously traveled roads
13 within the ENF, regardless of whether they are designated as open to motor vehicle use under the
14 Decision and regardless of whether they are evidenced by a legally documented right-of-way held
15 by a public road authority. This expansive interpretation would read the terms "public" and "used
16 and maintained for NFS purposes" out of these two exemptions and effectively transform them into
17 a blanket exemption for all alleged "roads." Such an interpretation cannot be squared with the Forest
18 Service's overall regulatory scheme. See Couer Alaska, Inc. v. Se. Alaska Conservation Council,
19 129 S. Ct. 2458, 2474 (2009) (deferring to agency's interpretation that was "consistent with the
20 regulatory scheme as a whole" through its harmonization of separate regulatory requirements).

21 As Plaintiffs acknowledge, the Forest Service's mining regulations do not specifically define
22 the term "public roads." See Pl. Br. at 6. However, when construed in conformance with the
23 subsequently enacted 2005 Travel Management Rule, the term is necessarily limited to roads for
24 which a legally documented right-of-way is held by a State, county, or other local public road
25 authority. Of initial importance, the Travel Management Rule includes an exemption to the general

---

[1] Plaintiffs also complain that "it is not at all clear what the Forest Service alleges the NOI or POO
should disclose." Pl. Br. at 9. This challenge is even further outside the proper scope of the present
challenge to the Decision, which does not concern hypothetical requirements that the agency might
impose in connection with the possible, future submission of a NOI or POO.

2:09-cv-1750 Reply Memo. in Support of Motion to Dismiss First Amended Complaint   Page 3

prohibition against public motor vehicle use on non-designated roads where such use will occur on a "road or trail that is authorized by a legally documented right-of-way held by a State, county, or other local public road authority." 36 C.F.R. § 261.13(i). This exemption, which parallels the "public roads" exemption under the agency's mining regulations, establishes the documentary evidence that is required by the agency before it will allow otherwise unauthorized motor vehicle use within the NFS based on the alleged existence of public rights-of-way. Absent the existence of such documentary evidence, neither the public "right-of-way" exemption under 36 C.F.R. § 261.13(i) nor the "public roads" exemption under 36 C.F.R. § 228.4(a)(1)(i) applies.

In addition, the Forest Service has defined the term "public road" in the section of the Forest Service Manual addressing travel management to mean:

A road that is:

1. Available, except during scheduled periods, extreme weather, or emergency conditions;

2. Passable by four-wheel standard passenger cars; and

3. Open to the general public for use without restrictive gates, prohibitive signs, or regulation other than restrictions based on size, weight, or class of registration. (23 U.S.C. 101(a)(27); 23 CFR 460.2(c) and 660.103).

Forest Service Manual 7730.5, excerpt attached as Exh. 4 (Dkt. 51-5) to Def. Open. Br. (Dkt. 51-1).[2] Under this definition, roads not designated for motor vehicle use under the Decision do not qualify as "public roads" because they are not always passable by four-wheel standard passenger cars and, absent the existence of a legally documented public right-of-way held by a public road authority, are closed to public motor vehicle use under 36 C.F.R. § 261.13.[3] Accordingly, contrary to Plaintiffs'

---

[2]/This definition incorporates the definition of "open to public use," as set forth in federal regulations implementing the Federal Highway Act's definition of "public road." See 23 U.S.C. § 101(a)(27); 23 C.F.R. §§ 460.2(c), 660.103.

[3]/The Forest Service acknowledges that the definition of "public road" in the Forest Service Manual could be construed to encompass roads some roads designated for public motor vehicle use under the Decision – i.e., those designated without any restriction on use. However, in order to maintain a distinction between the two exemptions under 36 C.F.R. § 228.4(a)(1)(i), the Forest Service interprets the "public roads" exemption in accordance with 36 C.F.R. § 261.13 to apply only to roads for which a legally documented right of way is held by a public road authority and, as discussed below, the "used and maintained for National Forest System purposes" exemption to apply only to

expansive interpretation, the "public roads" exemption under 36 C.F.R. § 228.4(a)(1)(i) does not apply indiscriminately to virtually all previously traveled roads within the ENF. Rather, the term is reserved for a limited class of "public" roads that are evidenced by a legally documented right-of-way held by a State, county, or other local public road authority.

Plaintiffs' reliance upon the exception for "roads used and maintained for National Forest System purposes" proves equally erroneous. Through its travel management process, the Forest Service designates NFS roads, trails, and areas on NFS lands that are open to public motor vehicle use. See 36 C.F.R. § 212.51. These designations are to be made in accordance with the extensive criteria set forth under 36 C.F.R. § 212.55, which include consideration of:

> effects on National Forest System natural and cultural resources, public safety, provision of recreational opportunities, access needs, conflicts among uses of National Forest System lands, the need for maintenance and administration of roads, trails, and areas that would arise if the uses under consideration are designated; and the availability of resources for that maintenance and administration.

36 C.F.R. § 212.55(a) (emphasis added); see also 36 C.F.R. § 212.55(b)-(c) (additional specific criteria to be considered in making road designations). Non-designated roads consist of those roads that the agency has determined do not meet the criteria for designation and, by extension, roads that do not constitute "roads used and maintained for National Forest System purposes" under 36 C.F.R. § 228.4(a)(1)(i). Plaintiffs' reading to the contrary conflicts with this regulatory scheme and would render the travel management process a nullity as applied to miners and prospectors by allowing them to operate motor vehicles without restriction on roads that the agency has determined should not be available for public motor vehicle use after considering NFS access needs, potential resource damage, and other designation criteria.[4]

---

designated NFS roads. That said, to the extent the Court were to determine that the "public roads" exemption encompasses some NFS roads designated for public motor vehicle use, this interpretation would have no practical effect other than creating some overlap between the two exemptions.

[4]/Plaintiffs also find no support for their position in asserting that the "initial determination as to whether or not a NOI or POO is required is initially left to the prospector or miner not to the Forest Service." Pl. Br. at 7. Miners and prospectors are charged with initial responsibility for complying with the agency's regulatory requirements, including determining whether their proposed mining operations require the submission of a NOI or POO. However, the initial determination of whether the exemptions under 36 C.F.R. § 228.4(a)(1)(i) apply simply requires miners and prospectors to determine whether the roads that they propose to utilize are designated as open to motor vehicle use

2:09-cv-1750 Reply Memo. in Support of Motion to Dismiss First Amended Complaint    Page 5

1  Finally, to the extent the Court finds there to be any ambiguity in the meaning of the
2  exemptions under 36 C.F.R. § 228.4(a)(1)(i), the Forest Service has adopted a permissible
3  interpretation of its regulations that is entitled to deference and that should be upheld. See, e.g.,
4  Auer v. Robbins, 519 U.S. 452, 461(1997) ("Because the salary-basis test is a creature of the
5  Secretary's own regulations, his interpretation of it is, under our jurisprudence, controlling unless
6  'plainly erroneous or inconsistent with the regulation.'") (quoting Robertson v. Methow Valley
7  Citizens Council, 490 U.S. 332, 359 (1989); Couer Alaska, 129 S. Ct. at 2468 ("The agency's
8  interpretation is not 'plainly erroneous or inconsistent with the regulation'; and so we accept it as
9  correct.") (quoting Auer, 519 U.S. at 461); Siskiyou Regional Educ. Project v. U.S. Forest Serv., 565
10 F.3d 545, 554-55 (9th Cir. 2009) ("'Agencies are entitled to deference to their interpretation of their
11 own regulations, including Forest Plans.'") (quoting Native Ecosystems Council v. U.S. Forest Serv.,
12 418 F.3d 953, 960 (9th Cir. 2005)).  In this regard, the terms "public roads" and "roads used and
13 maintained for National Forest System purposes" are not defined in the Forest Service's mining
14 regulations.  The agency may therefore permissibly construe these exemptions to harmonize them
15 with its overall regulatory scheme, so long as that interpretation is not plainly erroneous. The agency
16 has done just that in reasonably construing these exemptions consistent with its travel management
17 regulations to mean, in the case of "public roads," roads that are "authorized by a legally documented
18 right-of-way held by" a public road authority, and, in the case of the "roads used and maintained for
19 National Forest System purposes," roads that have been designated for public motor vehicle use
20 through the agency's travel management process.

21 By contrast, Plaintiffs' expansive reading of the exemptions under 36 C.F.R. § 228.4(a)(1)(i)
22 to apply to virtually any previously traveled road is eminently unreasonable, as it would cause the
23 exemptions to swallow the rule.  Plaintiffs' interpretation – unlike that of the Forest Service – also
24 fails to harmonize the provisions of the agency's mining regulations with the subsequently enacted
25 provisions of the 2005 Travel Management Rule and would render those provisions a nullity. In fact,

---

27 under the relevant travel management decision and, if not, whether the roads constitute "public roads" that are evidenced by a legally documented right-of-way held by a public road authority. The agency is not bound by these subjective determinations to the extent these exemptions are erroneously applied.

Plaintiffs' position conflicts with the surface resource protection objectives of both the Part 228 regulations and the 2005 Travel Management Rule by asserting that the 228 regulations entitle miners and prospectors to virtually unrestricted motor vehicle access on NFS roads that the Forest Service has closed to public motor vehicle use. Accordingly, Plaintiffs' reliance upon the exemptions under 36 C.F.R. 228.4(a)(1)(i) is entirely misplaced and does not entitle them to operate motor vehicles on non-designated NFS roads throughout the ENF without submitting a NOI or POO.

**B. Plaintiffs Are Subject To The Separate Requirements Of The Forest Service's Travel Management Regulations And The General Prohibition Against Public Motor Vehicle Use On Non-Designated Roads.**

Closely related to the foregoing defects in Plaintiffs' position, Plaintiffs also err in failing to address the Forest Service's travel management regulations and the general prohibition against public motor vehicle use on non-designated routes set forth in 36 C.F.R. § 261.13. Subject to certain exemptions, this regulation unambiguously states:

> After National Forest System roads, National Forest System trails, and areas on National Forest System lands have been designated pursuant to 36 C.F.R. 212.51 on an administrative unit or a Ranger District of the National Forest System, and these designations have been identified on a motor vehicle use map, it is prohibited to possess or operate a motor vehicle on National Forest System lands in that administrative unit or Ranger District other than in accordance with those designations . . . .

36 C.F.R. § 261.13. This prohibition does not contain any general exemptions for mining operations, but instead enumerates eight limited exceptions that constitute the sole exceptions to the general prohibition. Of potential applicability to motor vehicle use incident to mining and prospecting operations, these exemptions apply to (1) "[m]otor vehicle use that is specifically authorized under a written authorization issued under Federal law or regulations;" and (2) "[u]se of a road or trail that is authorized by a legally documented right-of-way held by a State, county, or other local public road authority." 36 C.F.R. § 261.13(h)-(i).

Plaintiffs neither allege any particular instance in which they are eligible for the application of these exemptions, nor do they seek to challenge in an appropriately pled action the Forest Service's decision not to designate any particular route. Rather, they assert that they may categorically disregard the designations made under the Decision based upon the agency's Part 228 regulations and alleged regulatory protections accorded miners and prospectors. This argument finds

1  absolutely no support in the language of the regulations or judicial interpretations of these
2  provisions. In fact, the Ninth Circuit and a magistrate judge of this Court have squarely rejected the
3  contention that the prohibitions in the agency's Part 261 regulations do not apply to miners. See
4  United States v. Doremus, 888 F.2d 630, 632 (9th Cir. 1989) ("Appellants argue that the effect of
5  36 C.F.R. § 261.1(b) is to exempt mining operations from the general prohibitions of Part 261,
6  thereby limiting the regulation of mining operations to 36 C.F.R. Part 228. We reject this
7  argument."); United States v. Pepper, 697 F. Supp. 2d 1171, 1177 (E.D. Cal. 2009) (rejecting
8  argument "that the § 261 prohibitions are for general forest users and inapplicable to miners").
9  Therefore, even assuming solely for argument's sake that Plaintiffs are correct that they need not
10 submit a NOI where they propose motor vehicle use on non-designated routes, Plaintiffs would still
11 be subject to the motor vehicle restrictions resulting from the approval of the Decision. The
12 exemptions to the NOI requirement under 36 C.F.R. § 228.4(a)(1)(i) simply do not render miners
13 and prospectors categorically immune from the effect of the Decision and the general prohibition
14 against public motor vehicle use on non-designated roads under 36 C.F.R. § 261.13.

**II.     Plaintiffs' Statutory And Other Miscellaneous Arguments Are Predicated Upon A Misunderstanding Of The Nature Of The Access Rights Held By Miners And Prospectors.**

17      In addition to their regulatory arguments, Plaintiffs cite a variety of statutes and other
18 miscellaneous authority in support of the unrestricted access rights that they allege are held by miners
19 and prospectors. First, Plaintiffs assert that the Secretary of Agriculture and Secretary of the Interior
20 "have a congressional statutory mandate, implemented by regulations, which gives them a 'shared
21 objective' . . . to preserve and protect prospectors and miners' rights of access to the public lands for
22 mining purposes, especially the development of their mining claims and mineral estates." Pl. Br. at
23 10. In support of this contention, Plaintiffs cite 30 U.S.C. § 21a, 30 U.S.C. §§ 22-54, 30 U.S.C. §§
24 612 and 615, 16 U.S.C. § 1134(b), and 43 U.S.C. §§ 1701 and 1732(b).[5/] Pl. Br. At 10. Defendants

---

[5/]Plaintiffs also newly cite in passing 16 U.S.C. § 472, presumably as further support for their contention that the Forest Service lacks regulatory authority over mining activities. This contention is readily answered by well-settled authority establishing that "[t]he Forest Service may properly regulate the surface use of forest lands. While the regulation of mining per se is not within Forest Service jurisdiction, where mining activity disturbs national forest lands, Forest Service regulation

2:09-cv-1750 Reply Memo. in Support of Motion to Dismiss First Amended Complaint   Page 8

have already demonstrated in their opening memorandum why the cited statutes do not grant Plaintiffs the unrestricted rights of access they claim and will not repeat those arguments here. See Def. Open. Br. at 10-19. Suffice it to say, any access entitlements recognized by these statutes are subject to the Forest Service's statutory authority to protect NFS lands from surface resource disturbing activities, including activities incident to mining operations. See 16 U.S.C. §§ 478, 551. The statutes do not create an unrestricted right of access that trumps all other resource concerns.[6]

Second, Plaintiffs criticize Defendants' interpretation of Clouser v. Espy, 42 F.3d 1522 (9th Cir. 1994), as overly expansive. See Pl. Br. at 8-9. Defendants previously cited Clouser to demonstrate that (1) the Forest Service has unquestionable authority to regulate surface disturbing activities associated with proposed mining operations on NFS lands; (2) this regulatory authority includes the authority to regulate access for mining and prospecting activities, even where such regulation may affect the commercial viability of a mining claim and even where the proposed access is over existing roads, easements, and/or rights-of-way; and (3) in appropriate circumstances, this authority includes the authority to limit access to non-motorized means. See Def. Open. Br. at 9-10, 19. Defendants also cited Clouser to establish that the Ninth Circuit has specifically rejected Plaintiffs' statutory arguments under 30 U.S.C. § 612 and U.S.C. § 1134(b). See id. at 14-15. Although Plaintiffs attempt to blunt the effect of Clouser by arguing that the decision should be limited to its facts and includes no specific holding as to the circumstances in which a NOI or POO

---

is proper." United States v. Goldfield Deep Mines Co. of Nevada, 644 F.2d 1307, 1309 (9th Cir. 1981); see also Clouser v. Espy, 42 F.3d 1522, 1529-30 (9th Cir. 1994) (citing Goldfield and other cases affirming statutory authority of Forest Service to regulate surface resource disturbing activities incident to mining).

[6]/Plaintiffs selectively quote United States v. 9,947.71 Acres of Land, 220 F. Supp. 328, 331 (D.C. Nev. 1963) as support for their statutory arguments. See Pl. Br. at 4-5. The full passage provides:

> Congress did not leave the rights of miners and others to such chance, but passed the Act of July 26, 1866, (14 Stat. 251) which declared in Section 1 thereof (30 U.S.C. § 22) that the mineral lands of the public domain were open to exploration and occupation, <u>subject to regulations as may be prescribed by law and subject also to local customs and rules of miners so far as such may not be in conflict with the laws of the United States</u>.

Id. at 331 (omitted text underlined). By these terms, the decision recognizes that the access rights accorded by the mining laws are invariably subject to the United States' regulatory authority.

is required, Plaintiffs' response does nothing to refute each of the propositions for which Defendants previously cited the decision.

Third, Plaintiffs selectively cite a portion of the FEIS in support of an alleged "right of road access." Pl. Br. at 11. The cited passage, including text omitted by Plaintiffs, provides:

> Those alternatives with reduced public wheeled motor vehicle access, particularly within the western portion of the Forest where mineral resources are more likely to occur, may have the [e]ffect of reducing access for prospecting or exploration, with the subsequent effect of a reduction of discovery of new mineral resource commodities.
>
> Individuals or companies that conduct prospecting and exploration activities are not usually required to obtain a permit or other form of authorization, pursuant to 36 CFR 228, <u>but must comply with other Forest rules and regulations. Access associated with mineral development activities, such as for an active mine, is commonly dealt with through a Plan of Operations or Notice of Intent, pursuant to 36 CFR 228. In the event that ground disturbing activities or the use of public lands are such as to warrant the need for a Plan of Operations, an environmental analysis will be completed This Plan of Operations or other authorization may include the use of specific roads or trails not otherwise open to public wheeled motor vehicle use.</u>

FEIS (Dkt. 51-3) at 3-212, cited in Pl. Br. at 11 (omitted text underlined). The omitted text expressly states that "[a]ccess associated with mineral development activities is commonly dealt with through a Plan of Operations or Notice of Intent." This language is flatly inconsistent with Plaintiffs' contention that the FEIS somehow undermines the Forest Service's regulatory authority over mining and prospecting access.

Fourth, Plaintiffs cite various authorities in support of the argument that the Forest Service "cannot promulgate regulations that have the same effect as prohibition under the guise of time consuming delay causing regulations, regulations that may result in denial of access, when such regulations are unauthorized to begin with." Pl. Br. at 11. The Court has already dismissed as unripe Plaintiffs' previous challenge that the Decision constitutes a <u>de facto</u> ban on mining and prospecting in the ENF, and Plaintiffs are precluded from again asserting this challenge for the reasons previously explained by the Court. <u>See</u> Order at 28 ("[I]nsofar as the claims here argue that the 2008 Plan prohibits access to mining sites, the claims are not fit for judicial decision."); <u>id.</u> at 37 ("[C]laims II, VI through IX, XI through XIII, XVI, XVII, XVIII, and XX are dismissed as unripe insofar as they argue that the 2008 Plan will result in <u>de jure</u> or <u>de facto</u> prohibition of motorized vehicle access to mining claims."). In any event, the Decision does not prohibit mining access, but

simply contemplates compliance with the Forest Service's regulatory requirements to the extent Plaintiffs propose motor vehicle use on non-designated NFS roads.[7] It is a complete overstatement to assert that the anticipated burden of complying with these requirements will have the "same effect as prohibition." Pl. Br. at 11. The Forest Service regulations specifically contemplate that this burden will be relatively modest for small mining operations. See 36 C.F.R. § 228.4(g) ("The public reporting burden for this collection of information is estimated to vary from a few minutes for an activity involving little or no surface disturbance to several months for activities involving heavy capital investments and significant surface disturbance, with an average of 2 hours per individual response.").

Fifth, Plaintiffs cite a 1959 opinion of the Solicitor of the United States Department of the Interior and Alfred E. Koenig, 4 IBLA 18 (1971), a decision of the Interior Board of Land Appeals, in support of the contention that miners and prospectors hold a right of "free access to minerals in the public lands." Pl. Br. at 11 (quoting Solicitor's Opinion, M-36585, 66 Interior Dec. 361 (1959)). The 1976 Federal Land Policy and Management Act ("FLPMA") repealed the grant of a "right of way for the construction of highways over public lands, not reserved for public uses" under Revised Statute 2477 ("R.S. 2477"), subject to previously perfected rights-of-way. See U.S. Memo. (Dkt. 29-2) at 33. Plaintiffs' citation to this authority pre-dating FLPMA therefore reflects a reliance upon a public lands management scheme – and free-standing offer of a right-of-way over unreserved public lands – that no longer exists.[8] In any event, as demonstrated in Defendants' opening

---

[7]/Plaintiffs also may operate motor vehicles for mining and prospecting activities on the extensive network of NFS roads and NFS trails in the ENF designated under the Decision. See ROD (Dkt. 51-2) at 4 (allowing motor vehicle use on "1,002 miles of ML-2 native surfaced roads" and "motorcycle, ATV, and high clearance vehicle use on 210 miles of trails."). In addition, the Decision further recognizes "635 miles of surfaced roads suitable for passenger cars" that exist within the ENF, but that were outside the Decision's scope because they are not included within the forest transportation system. Id.; FEIS at ix. Finally, the Decision has no effect on Plaintiffs' non-motorized access to the ENF for mining and prospecting purposes.

[8]/Moreover, these materials concern unreserved public lands managed by the federal Bureau of Land Management, an agency of the United States Department of the Interior, not NFS lands administered by the Secretary of Agriculture, which largely consist of "reserved" lands that were not even available for entry under R.S. 2477 after their inclusion in the NFS. Plaintiffs' reliance upon these materials is therefore all the more inappropriate.

memorandum, see Def. Open. Memo. at 11, the "free and open" language of the mining laws upon which Plaintiffs rely is subject to the Forest Service's indisputable authority "to promulgate rules and regulations to protect the national forest lands from destruction and depredation." 16 U.S.C. § 551.

Sixth and finally, Plaintiffs cite the so-called "<u>Berry</u> Order" as somehow precluding the Forest Service from regulating "prospectors' and miners' right to use roads closed pursuant to the *Travel Management Plan*." Pl. Br. at 13. Plaintiffs further assert that Defendants have misinterpreted the <u>Berry</u> Order to mean that "once the *Travel Management Plan* is implemented such rights can be wiped out." Id. This contention misstates and misconstrues Defendants' position. Defendants previously demonstrated that Plaintiffs' reliance upon the <u>Berry</u> Order is misplaced because (1) the order, by its terms, is no longer applicable due to the approval of the Decision, and, (2) even more critically, nothing in the order categorically exempts miners and prospectors from the Forest Service's regulatory requirements pertaining to access. See Def. Open. Br. at 24-25. Both of these assertions are entirely accurate and in no way suggest that the Forest Service interprets the <u>Berry</u> Order as entitling the agency to "wipe out" miners' and prospectors' rights of access.

## **CONCLUSION**

At bottom, Plaintiffs challenge the notion that the Forest Service has any meaningful regulatory authority over mining and prospecting access and seek to turn the clock back to a time pre-dating the Decision in which motor vehicle use in the ENF was not limited to designated NFS roads, NFS trails, and areas on NFS lands, absent a qualifying exemption. Although Plaintiffs make the token concession that "the agencies of the United States retain a level of regulatory authority," Pl. Br. at 10, they repeatedly seek to render this authority meaningless through their overly expansive interpretation of the mining laws and the exemptions under 36 C.F.R. § 228.4(a)(1)(i). These arguments cannot be squared with the Forest Service's reasonable interpretation of its mining regulations, the separate requirements of the agency's 2005 Travel Management Rule, and well-settled authority establishing the Forest Service's unquestionable authority to impose reasonable conditions upon the exercise of mining and prospecting access. Accordingly, for all the foregoing reasons and those stated in Defendants' opening memorandum, Plaintiffs' amended complaint should be dismissed for failure to state a claim upon which relief can be granted.

Respectfully submitted this 15th day of November, 2010.

        IGNACIA S. MORENO
        Assistant Attorney General
        Environment and Natural Resources Division

        /s/ Thomas K. Snodgrass
        Thomas K. Snodgrass
        Trial Attorney

        /s/ Jason A. Hill
        Jason A. Hill
        Trial Attorney

OF COUNSEL

Rose Miksovsky
U.S. Department of Agriculture
Office of the General Counsel
33 New Montgomery St., 17th Floor
San Francisco, CA 94105

Ellen R. Hornstein
U.S. Department of Agriculture
Office of the General Counsel
Natural Resources Division
1400 Independence Avenue, S.W.
Washington, D.C. 20250-1412